THE CHICAGO BUILDING AND MANUFACTURING COMPANY V.
W. P. LYON.

(Filed Feb. 8, 1901.)

CORPORATION—*Subscription to Capital Stock of.* One cannot withdraw his subscription to the capital stock of a corporation without the consent of all persons who subscribed to such stock, prior to such withdrawal.

(Syllabus by the Court.)

*Error from the District Court of Payne County; before John H. Burford, District Judge.*

*P. P. Hillerman,* for plaintiff in error.

*Robt. A. Lowry,* for defendant in error.

STATEMENT OF THE CASE.

This action was begun by the Chicago Building and Manufacturing Company, as plaintiff, before a justice of the peace, in Payne county. The bill of particulars averred that the defendant, with fifty-one others, entered into a contract and agreement in writing, whereby the defendant and others agreed with the plaintiff for the construction and equipment of a butter and cheese factory at Stillwater, and in consideration thereof, and as his individual portion of the contract price of said factory, the defendant promised to pay to the plaintiff $100.00; that the plaintiff erected the factory to comply with its agreement, but that the defendant had refused to make the payment contracted for by him.

The agreement to which the defendant subscribed, provided that:

"It is hereby understood that the first party will not be responsible for any pledges, promises or interpretations made by its agents or representatives that do not appear in this contract, as a final part thereof, either in print or in writing. It is agreed that one or more of these forms may be placed with representatives of both parties hereto, to be circulated for the purpose of obtaining subscriptions hereto, and these representatives shall be the agents for that special purpose only." * *

The defendant set up in his answer that at the time he affixed his name to the subscription list, there were only six subscribers thereto; that at that time the plaintiff was not bound to perform any act under the contract, and had not become so bound; that within a few days after the signing of the contract, he withdrew his subscription thereto and so notified the agent of the plaintiff and defendant, who had the said subscription list in charge, and that it was thereupon expressly understood, that the defendant's name should be withdrawn and cancelled from the subscription list, and the defendant relieved of liability. A stipulation of facts, upon which the case was tried, had admitted these material averments. The cause was tried upon appeal in the district court, which found for the defendant.

Opinion of the court by

McATEE, J.: The only question involved is whether the defendant, having made the subscription referred to, could afterwards withdraw it and free himself from liability by notifying the agent who had the subscription list in charge.

It is said in Beach on Corporations, sec. 549, that where a subscription is made with full knowledge of the purpose and scope of the undertaking, and has been acted

upon by other subscribers, it is irrevocable, and that con-
sequently, the consent of all the other subscribers is
necessary to effect a valid cancellation of a subscription
contract. (*New Albany & S. R. Co. v. McCormick*, 10 Ind.
499; *Hughes v. Antietam M. Co.* 34 Md. 316; *Robinson v.
Pittsburg R. Co.* 32 Pa. St. 334; 72 Am. Dec. 772; *Zirkel v.
Joliet etc, Co.* 79 Ill. 334.)

And in sec. 512, that a subscription by a number of
persons to the stock of a corporation to be thereafter
formed by them, constitutes a contract between the sub-
scribers to become stockholders when the corporation is
formed, upon the conditions expressed in the agreement,
and is irrevocable from the date of subscription. (*Min-
neapolis T. M. Co. v. Davis*, 40 Minn. 110; *Starrett v. Rock-
land, etc. Co.* 65 Me. 374, *Buffalo etc. R. R. Co. v. Gifford*, 87
N. Y. 294.)

It is said in Morawetz on Private Corporations, sec.
260, that the "contract between the different subscribers
depends for its validity upon the statute under which
the corporation is formed, and not merely upon the com-
mon law; and it seems but a reasonable inference that
the intention of the legislature in providing for the open-
ing of stockbooks was to make a subscription binding
from the time it was made. Otherwise, the greatest facil-
ity would be given for practicing frauds upon innocent
subscribers, by means of subscriptions intended merely
as a decoy."

And it was said in *Lake Ontario R. R. Co. v. Mason*,
16 N. Y. 463, that:

"If the contract to pay for and take the stock was a
valid contract, made upon a sufficient consideration, then
his subscription was not open to revocation."

And it is said in Beach on Private Corporations, sec. 531, that: "Parol evidence is not admissible to vary the terms of a subscription to the capital stock of a corporation, or to show a discharge therefrom in any manner other than that required by the terms of subscription, charter and by-laws," and that all separate agreements inconsistent with the written contract are void, whether verbal or in writing.

And it is provided in our own statute, that a subscription to the stock of a corporation about to be formed, is to be held for the benefit of the corporation, when it is formed, and may be enforced by it. (Statutes of Oklahoma, 1893, sec. 942, p. 230.)

The defendant, therefore, having signed a contract for the same, as averred in the bill of particulars, of one hundred dollars, and it having been expressly agreed in the contract, that the "first party will not be responsible for any pledges, promises or interpretations made by its agents or representatives that do not appear in this contract, as a final part thereof, either in print or in writing," and that the agent who carried the subscription paper which the defendant signed, was an agent "for that special purpose only," that is, "for the purpose of obtaining subscriptions thereto," and that he had no power to release the defendant from his written subscription; that the terms of the contract cannot be varied by the oral notice; that the corporation is not bound by it; that the subscription has not been discharged, but is binding upon the defendant; and that the corporation, having erected the factory proposed, according to the terms of the contract, is entitled to the payment of the subscription made by the defendant; and the

judgment of the lower court is, therefore, reversed, and the cause remanded with direction to enter judgment for the plaintiff company.

Burford, C. J., having presided in the court below, not sitting; all of the other Justices concurring.