## HUSTER v. NEWKIRK CREAMERY & ICE CO.

No. 3685.    Opinion Filed June 23, 1914.

(141 Pac. 790.)

1. **EVIDENCE—Parol Evidence—Admissibility.** Parol evidence is not admissible to vary the terms of a subscription to the capital stock of a corporation.

2. **CORPORATIONS—Subscriptions to Stock—Secret Agreement.** A secret oral agreement between the defendant and the promoter, whereby the promoter was to resell defendant's subscription, and the defendant was thereby to be discharged from liability under said subscription, was, as to the plaintiff and other subscribers, a fraudulent agreement and does not constitute a defense to an action for such subscription.

3. **SAME—Action on Subscription—Defenses.** A subscriber to the capital stock of a corporation cannot defeat his liability on such subscription by showing that the corporation was not, at the time of the trial, actively engaged in the business for which it was organized.

⨍ (Syllabus by Rittenhouse, C.)

*Error from District Court, Kay County;*
*W. M. Bowles, Judge.*

Action by the Newkirk Creamery & Ice Company against Fred Huster. Judgment for plaintiff, and defendant brings error. Affirmed.

A representative of the Chicago Building & Manufacturing Company solicited subscriptions for the purpose of raising $15,-000 to establish a creamery and ice factory at Newkirk, Okla.; attached to said subscription list were the plans and specifications and an agreement between the promoter and subscribers, stipulating that, after said sum was subscribed, the subscribers would be called together to elect a committee of five to represent them. On the completion of the creamery and ice plant, the promoter was to receive $13,950 by the terms of said contract; the residue of the $15,000 subscription was to be turned to the creamery and ice plant as a working capital. The plaintiff in error signed said subscription list, but now contends that

he had an oral agreement with the promoter that it would resell his stock within a certain time, and that he would not be liable thereon. A meeting of the subscribers was held, the site purchased, the creamery and ice plant constructed according to the plans and specifications, the plant accepted by the committee of five, and the promoter paid $13,950. Pursuant to said contract, the promoter then assigned the balance of the $15,000 subscription to the Newkirk Creamery & Ice Company, which was a corporation, organized by the subscribers. The amount of subscription left unpaid was $800, Huster being one of the delinquent subscribers in the sum of $100, and he, together with certain other subscribers, were made defendants in this action on all the unpaid subscriptions. A demurrer to the petition was filed on the ground of a misjoinder of defendants, which was overruled. Answer was filed denying generally each and every allegation of plaintiff's petition, and specially pleading that the Chicago Building & Manufacturing Company procured the subscription under and by virtue of an oral agreement, whereby the said promoter would resell the stock subscribed for by the defendant, and that his subscription would be canceled and held for naught, and that he would not be required to pay anything whatever thereon. Issues were joined, and, after the introduction of evidence, the court held that there was a misjoinder of defendants, and plaintiff elected to maintain the suit as against Huster and dismissed as to the others. The court then instructed the jury to return a verdict for the plaintiff.

*W. S. Cline* and *C. L. Pinkham,* for plaintiff in error.

*G. A. Chappell,* for defendant in error.

Opinion by RITTENHOUSE, C. (after stating the facts as above). The defendant admits in his answer the execution of the subscription contract, and that he had not paid the amount of his subscription, for the reason that he had an oral contract with the promoter whereby the promoter would resell his subscription for the amount for which he had subscribed, and that

his liability would thereby cease.   In *Chicago Bldg. & Mfg. Co. v. Lyon,* 10 Okla. 704, 64 Pac. 6, the court says:

"And it is said in Beach on Private Corporations, sec. 531, that 'parol evidence is not admissible to vary the terms of a subscription to the capital stock of a corporation, or to show a discharge therefrom in any manner other than that required by the terms of subscription, charter, and by-laws,' and that all separate agreements inconsistent with the written contract are void, whether verbal or in writing."

There are instances in which an agreement of this character between the promoter and the subscriber could be enforced by a suit against the promoter, but this would not affect the subscriber's liability upon his subscription.

In this case the subscription was assigned to the plaintiff, and, as between the defendant and this plaintiff and the other subscribers to said stock, a secret oral agreement allowing the defendant to have his subscription contract conceled at his option was a fraud upon the plaintiff and the other subscribers.   1 Purdy's Beach on Private Corporations, sec. 238; *Haskell v. Sells,* 14 Mo. App. 91; *Robinson v. Pittsburg & Connellsville R. Co.,* 32 Pa. 334, 72 Am. Dec. 792; *Gast v. King,* 27 Okla. 554, 112 Pac. 997.

The next contention is that the court erred in not permitting the witness Thompson, who was president of the corporation, to testify that the corporation had ceased to do business; that it had no outstanding debts, had voluntarily dissolved; and that the corporation doing business had been wound up, and there were no creditors.   This testimony was not offered for the purpose of showing that the corporation had been dissolved under section 1307, Comp. Laws 1909 (Rev. Laws 1910, secs. 1269, 1270), or that it had never organized and commenced the transaction of business, or the construction of its works, within one year from the date of its incorporation as provided by section 1308, Comp. Laws 1909 (Rev. Laws 1910, sec. 1278), but was offered for the purpose of showing that his liability on the subscription contract had been released by a voluntary dissolution of the corporation.   We think that the honorable trial court properly excluded this class of evidence.   A subscriber to the

capital stock cannot defeat his liability on such subscription by showing that the corporation was not at the time of trial actively engaged in the business for which it was organized. 1 Thompson on Corporations, sec. 792; *Gibson v. Columbia & New Richmond T. & B. Co.*, 18 Ohio St. 396; *Jewell v. Rock River Paper Co. et al.*, 101 Ill. 57; *Hammett v. Little Rock & Napoleon R. Co.*, 20 Ark. 204; *M. O. & R. Co. v. Cross*, 20 Ark. 443; *McMillan v. Maysville & Lexington R. Co.*, 15 B. Mon. (Ky.) 218, 61 Am. Dec. 181.

After a thorough examination of the evidence and the pleadings, we are of the opinion that the trial court properly instructed a verdict for the plaintiff.

The judgment should therefore be affirmed.

By the Court: It is so ordered.