**SHAW et al. v. HUTTON et al.**

No. 10008—Opinion Filed July 15, 1919.

Rehearing Denied Sept. 9, 1919.

(Syllabus by the Court.)

1. **Action—Joinder of Causes—Same Transaction.**

The plaintiff may unite several causes of action in the same petition, where they all arise out of the same transaction.

2. **Contracts—Merger of Oral Negotiations.**

The execution of a contract in writing supersedes all oral negotiations or stipulations concerning its matter, which precede or accompany the execution of the instrument.

3. **Trial—Directed Verdict.**

Where the court properly excludes the evidence offered by defendant, and the evidence offered by plaintiff is sufficient to entitle him to judgment, it is not error to direct a verdict in favor of the plaintiff.

Error from District Court, Tulsa County; Conn Linn, Judge.

Action by Henry Hutton, as guardian of Robert Hutton and other minors, against Thomas R. Shaw and another. From judgment for the plaintiff, defendants bring error. Affirmed.

Philip Kates, for plaintiffs in error.

Geo. T. Brown and Fred M. Carter, for defendants in error.

OWEN, C. J. This suit was brought by Henry Hutton, as guardian of his minor children, the other defendants in error, to collect the purchase price of oil and gas leases on lands belonging to the minors. The leases were sold through the probate court of Okmulgee county, a draft for the purchase price was drawn on plaintiffs in error, at their suggestion, attached to the leases, and transmitted to a bank in the city of Tulsa. This draft was indorsed, "We guarantee payment," signed by plaintiffs in error. After presentation and demand for payment, this action was brought to enforce payment of the draft.

In defense to the action plaintiffs in error alleged: (1) Misjoinder of causes of action; (2) that the draft was indorsed with the understanding it would not be paid unless their attorney approved title to the leases, which he refused to do. From a judgment in favor of the guardian, plaintiffs in error appeal.

To reverse the judgment it is urged the court erred (1) in overruling the demurrer to the petition on the ground of misjoinder of causes of action; (2) in refusing to permit defendants to prove the draft was indorsed with the understanding it was to be paid on approval of title by their attorneys; (3) in directing a verdict for plaintiff.

Under the first contention it is urged that, because the leases covered four separate tracts of land belonging to the minors, there were four separate causes of action, which could not be joined. The sale of the leases and the acceptance and indorsement of the draft was one transaction. This was had with the guardian, not with the individual minors. Section 4738, Rev. Laws, 1910, provides:

"The plaintiff may unite several causes of action in the same petition, * * * where they all arise out of * * * the same transaction."

In support of the second contention authorities are cited which support the rule that parol evidence is admissible to show the conditional delivery of negotiable instruments. Proof is always admissible to show that a negotiable instrument was not, in fact, delivered, and never, in law, took effect. The rule has no application to the facts in this case. The acceptance of the draft was admitted. The unconditional guaranty of payment, signed by plaintiffs in error, constituted a complete contract, and parol evidence was not admissible to vary its terms by

showing that it was in fact conditional. Section 942, Rev. Laws, 1910, provides:

"The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument."

In the absence of accident, fraud, or mistake of fact, parol evidence is not admissible to vary the terms of a written contract. Colonial Jewelry Co. v. Bridges, 43 Okla. 813, 144 Pac. 577; Huster v. Newkirk Mch. & Ice Co., 42 Okla. 440, 141 Pac. 790, L. R. A. 1915A, 390.

The court did not err in excluding the evidence in support of the defense pleaded, and, the evidence offered by plaintiff being sufficient to support the judgment, it was not error to direct a verdict for plaintiff.

The judgment of the trial court is affirmed.

SHARP, RAINEY, PITCHFORD, and HIGGINS, JJ., concur.