## AMERADA PETROLEUM CORPORATION v. TUCKER.

No. 24545. Nov. 5, 1935.

Rehearing Denied March 10, 1936.

Victor C. Mieher, R. Y. Stevenson, and Potter & Potter, for plaintiff in error.

Stephen A. George, for defendant in error.

PER CURIAM. This action was commenced in the district court of Carter county by the plaintiff in error, as plaintiff, against the defendant in error, as defendant, seeking to recover the sum of $1,623, which had been paid by the plaintiff to the sheriff of Carter county for taxes assessed against certain property which the plaintiff had previously sold to the defendant.

The plaintiff in its amended petition alleges that it sold its three-fourths interest in a certain oil tank and contents to the defendant in February, 1925; that it executed a written bill of sale for said property, which was accepted and retained by the defendant herein; that as a part of the consideration the defendant agreed to pay the ad valorem taxes for the year 1925 on said property; that the taxes were not paid and were subsequently assessed against the plaintiff in 1931 at the instance of the tax ferret of Stephens county, and that plaintiff was compelled to pay the taxes so assessed, in the amount of $1,623, to the sheriff by virtue of tax warrant placed in his hands, and prayed recovery of this amount from the defendant. The defendant for answer denied generally the allegation of plaintiff's amended petition; admitted the purchase of the property described, pleading payment of full consideration thereof in the sum of $72,-840.80, and further alleged that he was acting as agent in the transaction and pleaded the statute of limitation as a bar to the action. Reply controverted the new matter in the answer. Trial upon the issues thus presented was had to the court without the intervention of a jury. The evidence of plaintiff was confined largely to the bill of sale and testimony showing payment of the taxes in question. The testimony of the defendant denied that the payment of the taxes had been agreed to as a part of the consideration for the transaction. Plaintiff's testimony outside of the recital in the bill of sale did not establish the tax item as a part of the consideration for the transaction.

The court found that some time prior to February 20, 1925, one John M. Lovejoy, acting for the plaintiff herein, had a verbal agreement with the defendant whereby the property in question was sold at a certain price, and thereafter without request or notice to the defendant executed a written bill of sale reciting a consideration of $1 and other valuable considerations, and containing a clause whereby the purchaser was to pay the ad valorem taxes on said tank and its contents for the year 1925; that the defendant accepted said bill of sale and either did not read it, or, if he did, did not notice the provision relative to taxes; that the property was not rendered for taxes in 1925 and was placed on the tax rolls for the first time in 1931, and from such findings the court concluded as a matter of law that the pro-

visions in the written bill of sale relative to the taxes was not an obligation of the defendant, and further concludes that the claim of agency asserted by the defendant was not established and that if the claim of the plaintiff was otherwise tenable, it would not be barred by the statute of limitations.

Thereupon judgment was rendered in favor of the defendant. Motion for new trial was filed and overruled, and plaintiff appeals. The parties occupy the same position here as in the trial court, and in this opinion will be referred to as plaintiff and defendant.

It is the plaintiff's contention:

"(1) That the execution of a contract in writing, whether the law requires it to be written or not, supersedes all oral negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument.

"(2) That a contract may be formed by accepting a paper containing terms; and when an offer is made by delivering to another a paper containing the terms of a proposed contract and the paper is accepted, the acceptor is bound by terms.

"(3) That a party who accepts a written contract and receives the benefits therefrom, will not be relieved from the obligations imposed upon him by the terms and provisions of said contract by showing that he did not sign the contract or that he failed to read the same."

That the execution of a contract in writing supersedes all oral negotiations or stipulations concerning the subject-matter thereof which precedes or accompanies the execution of the instrument is thoroughly settled law in this state. Section 9456, O. S. 1931; Inner Shoe Tire Co. v. Muel'er, 108 Okla. 229, 235 P. 1072; Shaw v. Hutton, 75 Okla. 255, 183 P. 477.

It is likewise true that a contract may be entered into as contended by plaintiff and that a voluntary acceptance of the benefits of a transaction is equivalent to a consent to all the obligations arising from it so far as the facts are known or ought to be known to the person accepting. Section 9434, O. S. 1931.

While the law in the above respects is well settled, it has no application to the situation presented by this appeal. The questions before the trial court for determination were: (a) Was the payment of taxes a part of the consideration for the transfer of the property as al'eged by the plaintiff? (b) Was the defendant a principal or agent? (c) Was the claim of the plaintiff, if otherwise tenable, barred by the statute of limitations? The trial court found against the plaintiff on the question of consideration and for the plaintiff on the other issues presented. Since the question of whether or not payment of taxes by the defendant was a part of the consideration of the contract in question was a primary issue to be determined by the trial court, parol evidence was properly admissible on this question, for as this court said in Berry-Beall Dry Goods Co. v. Francis, 104 Okla. 81, 230 P. 496:

"Parol evidence is admissible to show the real consideration of a written contract."

Since the bill of sale relied upon by the plaintiff recited a consideration of $1 and other valuable consideration, and an agreement on the part of the defendant to pay the 1925 ad valorem taxes on the property conveyed, and which item the plaintiff alleged in its amended petition was part of the consideration for the execution of the instrument and the conveyance of the property, and since the consideration was not clearly set forth therein, it was entirely proper to entertain proof in this respect and the trial court committed no error in admitting parol evidence in this connection. Webb v. Burnam, 111 Okla. 248, 239 P. 653. Since this case was a jury case and tried to the court, we are controlled by the rule announced in Anicker v. Doyle, 84 Okla. 62, 202 P. 281, wherein this court said:

"When the court tries both questions of law and fact in an action wherein the parties are entitled to a trial by jury, the judgment of the court stands in lieu of the verdict of the jury; on appeal this court will not weigh the evidence, but if there is any evidence reasonably tending to support the judgment of the trial court, its judgment will not be disturbed."

There is sufficient testimony in the record tending to show that the payment of taxes by the defendant was not part of the consideration for the transfer of the property and was never made a part thereof by the parties, and that the contract on which recovery was sought by the plaintiff did not express the true consideration between the parties, and since the judgment of the trial court is reasonably sustained by the evidence, under the rule above announced, we will not disturb such judgment.

The judgment of the trial court is affirmed.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.