## Hanna *v.* Clark, Appellant (No. 1).

*Trust and trustees—Misconduct of trustee—Commissions and expenses.*

A trustee will be allowed neither commissions nor expenses where it appears that he repudiated the trust, and claimed the trust estate as his own personal property, and by such claim involved the estate in expensive litigation, extending over a period exceeding five years; that for over seventeen years he refused to pay over to the cestui que trust any profits or income arising from the trust property, neglected and refused to state or file an account for the same period, and finally did so only when compelled by legal process; and that he placed in his account many items which were extravagant or unjustifiable charges against the trust estate, for which he was properly surcharged.

Argued May 5, 1902. Appeal, No. 297, Jan. T., 1901, by defendant, from decree of C. P. McKean Co., Feb. T., 1897, No. 3, dismissing exceptions to auditor's report in case of Ellen C. Hanna and William N. Hanna v. Junius R. Clark et al. Before McCollum, C. J., Mitchell, Brown, Mestrezat and Potter, JJ. Affirmed.

Bill in equity for an account and for partition.

Exceptions to report of J. M. McClure, Esq., auditor to state account.

The opinion of the Supreme Court states the case.

*Errors assigned* were in sustaining exceptions to auditor's report.

*George A. Berry*, with him *Robert L. Edgett*, for appellant,

cited as to compensation and expenses of the trustee: Lewis's Appeal, 67 Pa. 153; Perkin's App., 108 Pa. 314; Bosler's Estate, 161 Pa. 457; Ahl's App., 129 Pa. 26; Patrick's Estate, 162 Pa. 175; Myers's App., 62 Pa. 104; Wister's App., 86 Pa. 160; Fross's App., 105 Pa. 258; Shiver's Est., 12 W. N. C. 462; Dugan's Estate, 18 W. N. C. 39.

. *Samuel R. Taylor*, with him *Thomas F. Richmond*, for appellees, cited as to commissions: Walker v. Walker, 9 Wallace, 743; Hermstead's Appeal, 60 Pa. 423; Dyott's Estate, 2 W. & S. 566; Drysdale's Appeal, 14 Pa. 537; Heckert's Appeal, 24 Pa. 482; Swartswalter's Account, 4 Watts, 79; Witman's App., 28 Pa. 376; Berryhill's App., 35 Pa. 245; Norris's App., 71 Pa. 106; Carrier's App., 79 Pa. 234; Clauser's Est., 84 Pa. 51.

*R. B. Stone*, for E. K. and R. P. Clark.

Opinion by Mr. Justice Potter, November 11, 1902:

In the case of Hanna v. Clark, 189 Pa. 321, this court affirmed the court of common pleas of McKean county in its finding, that Junius R. Clark was a trustee for the benefit of the heirs of Joseph F. Clark, and that he should file an account as such, and that partition should be made of the real estate. In response to that order, the account of Junius R. Clark as trustee of the trust estate was filed in the court of common pleas of McKean county, and was referred to an auditor. From the confirmation of his report, this appeal is taken.

Numerous specifications of error are assigned in the matter of the accounting, which the appellants say may be grouped and treated as involving the following propositions: The court erred,

(1) In surcharging the accountant with large sums alleged by him to have been paid on account of his father;

(2) In surcharging him with the proceeds of what is known as the " Wilcox and Early purchase; "

(3) In surcharging him with sundry amounts growing out of what is known as the " Clark and Hanna property; "

(4) In refusing credit for moneys paid out and expended by him;

(5) In refusing to allow him any compensation for services.

Referring to the first group, it appears that the auditor found in the family account, a balance in favor of the accountant, of $5,483.63. But the court, in passing upon exceptions to this portion of the account, sustained them, as to fifteen items, and surcharged in an amount aggregating $26,238.77, thus turning the balance against the accountant, upon the family account, to the extent of $20,755.14. In some of these items, the auditor was clearly mistaken, as in errors in addition. In others, the judge drew different inferences from the facts found by the auditor, which is certainly within his power. In none of them can we say that the learned court below failed to give a good and sufficient reason for the surcharge.

The second group of assignments of error relate to the surcharge of several items, growing out of what is known as the Wilcox and Early purchase. It is contended upon the part of the appellant that Junius R. Clark bought this property with his own money, and that he was entitled to the benefits. But the auditor in his twenty-first finding of fact, finds that the money expended individually by Junius R. Clark in making the Wilcox and Early purchase, was fully repaid to him, on or before June 30, 1885, and he certainly cannot justly claim both the land and the money. The auditor finds, and in this he is confirmed by the court, that the balance due from the accountant, in the Wilcox and Early account, is $11,135.40. This conclusion is justified by the evidence. As to the amounts surcharged in the Clark and Hanna account, in so far as they cover errors and omissions, they are proper. But the main question in this connection is as to the allowance to the accountant of $20.00 per month, for the period of sixteen years, as expenses for looking after the property, the aggregate being $3,840. The auditor refused to allow compensation, but did allow this amount for expenses. The court struck off this allowance, refusing to the accountant both compensation and expenses.

The management of the trust estate by Junius R. Clark was such as to require his removal, and the appointment of a receiver. While acting as trustee, he repudiated the trust and claimed the trust estate as his own personal property and by such claim involved the estate in expensive litigation extending over a period, exceeding five years. For over seventeen years he refused

to pay over to the cestui que trustent any profits or income arising from the trust property, neglected and refused to state or file an account for the same period, and finally did so only when compelled by legal process. He placed in his account many items which were extravagant or unjustifiable charges against the trust estate, and was properly surcharged for many thousand dollars.

Under these circumstances we have no hesitation in saying that compensation was properly denied him. As to the propriety of depriving him of expenses, notwithstanding his misconduct, we are not so clear, and but little authority directly in point can be found. In Reeves, Parvin & Co.'s Appeal, 38 Legal Int. 441, it was held that a receiver who has managed the property carelessly and negligently will not be allowed credit for his commissions, counsel fees, or expenses. No case has been found, or cited to us, in which expenses have been allowed to a trustee guilty of malfeasance. The learned court below refused this credit to the accountant upon the ground also, that there was no sufficient proof that he was entitled to the amount claimed. We cannot say that this was wrong, for it does not appear that the claim for expenses was accurately set forth with such particularity of details as would have enabled the court to make an allowance for actual expenses, even if it had been so disposed.

Trustees of all sorts are entitled to reasonable compensation, for faithful and efficient service. Its amount in any given case must be left to the reason and the conscience of the court. Both compensation and allowance for expenses may certainly be withheld from a trustee guilty of wilful misconduct or negligence. After considering all that has been urged against the conclusions reached by the learned court in this case, we see no ground for interfering with any of them.

The assignments of error are all overruled, and the decree of the court below is affirmed, with the further provision that distribution be made among all the parties in interest, according to their respective rights.

The appeal is dismissed at the cost of appellant.