## E. SNOW V. C. F. RUDOLPH.

### Decided July 2, 1910.

**1.—Parties—Splitting Cause of Action—Harmless Vice, When.**

Any vice in filing two suits in the names of two plaintiffs instead of one suit by the plaintiffs jointly on a common cause of action is cured and rendered harmless when one of said plaintiffs acquires the interest of the other in the cause of action pending the suits and consolidates the two suits and prosecutes them as one, the question of cost not being raised by the defendant.

**2.—Consolidation of Suits—Same Cause of Action—Waiver of Citation.**

Where two suits are filed by separate plaintiffs upon the same cause of action, and one of the plaintiffs acquires the interest of the other in the cause of action, an amended petition by such plaintiff setting up said fact and asking that the suits be consolidated and that he be allowed to prosecute it in his name alone, would not set up a new cause of action nor require that the defendant be cited to answer the same. An objection that defendant had not been cited to answer an amended petition comes too late after defendant had filed and urged exceptions to said petition.

**3.—Erroneous Judgment—Remittitur—Practice.**

An error in refusing to quash an attachment and in foreclosing the attachment lien may be cured by a timely remittitur of the liens and all rights thereunder.

**4.—Pleading—Proof—Substance of Issue.**

The character of a deposit alleged by plaintiff to have been made by him in a bank, being mere matter of inducement and having no real bearing upon the main issue in the case, it was not error to permit the plaintiff to prove that he deposited his note, and not money as he had alleged.

**5.—Principal and Agent—Sale by Agent to Himself—Who Can Complain.**

The rule that an agent can not sell his principal's property to himself can not be invoked by a stranger. The principal alone can complain.

Error from the District Court of Sherman County. Tried below before Hon. D. B. Hill.

*Tatum & Tatum,* for plaintiff in error.—Where the party suing has no standing in court, that is, a right to sue his debtor, he can not by amending his petition maintain the action without new service upon the defendant. Hanner v. Summerhill, 7 Texas Civ. App., 235.

A plaintiff can not purchase his partner's interest in a claim against the defendant after they have split up the claim and each partner has brought a suit against the same defendant for their respective interest, and ask that the two suits be consolidated and tried in the name of the party who claims to have purchased his partner's interest in the said claim. Hearne v. Erhard, 33 Texas, 61.

The rights of the parties are fixed at the commencement of the suit, and no sale to plaintiff by Loomis, pending the suit, could entitle plaintiff to amend his petition and sue as sole plaintiff, or to have the two cases consolidated as one, and proceed in the name of C. F. Rudolph, as sole plaintiff. Hearne v. Erhard, 33 Texas, 61; Robertson v. McIlhenny, 59 Texas, 615; Armstrong v. Bean, 50 Texas, 492.

The court erred in permitting the plaintiff to introduce in evidence, over the defendant's objections, a note which was shown to have been executed by C. F. Rudolph and O. F. Loomis, payable to the First State Bank at Stratford, for the sum of $500, because there was no allegation in plaintiff's petition that such note had been executed or put up by the said plaintiff and O. F. Loomis at the First State Bank of Stratford, as part of the earnest money or purchase money, on section 53, block 3 T, T. & N. O. Ry. Co., Sherman County, Texas; and because the only allegation in plaintiff's petition is that he put up the sum of $500 in money as a part of the earnest or purchase price of said section; and because there is no allegation that the said note was ever afterwards put up in lieu of the money. Mims v. Mitchell, 1 Texas, 446; Hall v. Jackson, 3 Texas, 311; Mason v. Kleberg, 4 Texas, 86; Roseborough v. Gorman, 6 Texas, 314; Gammage v. Alexander, 14 Texas, 418; Ray v. Young, 13 Texas, 549; Brown v. Martin, 19 Texas, 345; Shipman v. Fulcord, 42 Texas, 249.

The court erred in permitting the plaintiff to introduce in evidence, over the defendant's objection, a written contract, purporting to have been executed on the 10th day of April, 1907, for the purchase of section 53, block 3 T, T. & N. O. Ry. Co., Sherman County, Texas, from Ely H. Tuttle to Rudolph and Loomis, for the reason that said contract shows on its face to have been executed and signed, "Ely H. Tuttle by C. F. Rudolph, agent," and the sale (if made) was made to Rudolph and Loomis, and therefore there could have been no sale made under the said contract, as the said plaintiff herein could not have acted as agent for Tuttle in the said sale of land to himself and partner Loomis; and because there was no evidence of the sale of said land to plaintiff and Loomis. Armstrong v. O'Brien, 19 S. W., 268; Green v. Hugo, 17 S. W., 79.

*C. F. Rudolph* and *W. W. Moore,* for defendant in error.—Since a cause of action pending, may under certain circumstances be assigned, and prosecuted by the purchaser, he thus becoming the owner of the entire claim or cause of action where he was before but the owner of a part of it, and since great discretion is lodged with the trial court as to the consolidation of suits, it seems entirely proper and well within the rules that such cases may be consolidated after such assignment of interest, and the consolidated case prosecuted in the name of the purchaser as sole plaintiff, there being no "manifest injustice" to the defendant resulting therefrom. Art. 1454, Revised Civil Statutes of Texas; Young v. Gray, 65 Texas, 99; Johnston v. Luling Mfg. Co., 24 S. W., 996; Morris v. Wood, 1 App. C. C., sec. 1311; Texas & P. Ry. Co. v. Hays, 2 App. C. C., sec. 390; Robertson v. McIlhenny, 59 Texas, 615; Armstrong v. Bean, 59 Texas, 492; art. 4647, Revised Civil Statutes of Texas; McLaury v. Watelsky, 87 S. W., 1045.

It is sufficient to establish an allegation of the pleading according to its legal effect, and where there is no material variance in legal effect

between the allegation and the proof, but the latter in intendment and effect supports and bears out the former, there is no fatal variance. Shipman v. Fulcrod, 42 Texas, 248; Wiebusch v. Taylor, 64 Texas, 53; Minus v. Mitchell, 1 Texas, 446; Mason v. Kleberg, 4 Texas, 86.

SPEER, ASSOCIATE JUSTICE.—C. F. Rudolph and O. F. Loomis each filed a suit against Dr. E. Snow to recover the sum of eight hundred and fifty dollars and fifty-eight cents, for which the defendant was alleged to be indebted to them in the following way: It was alleged that one, Eli Tuttle, a non-resident, through C. F. Rudolph, his local agent, had entered into a contract with Rudolph and Loomis whereby a certain tract of land had been sold to said Rudolph and Loomis, upon which contract of purchase they had placed a forfeit of five hundred dollars, and that the defendant Snow being desirous of substituting himself as purchaser for the land, the parties agreed amongst themselves that Snow should place in the bank five hundred dollars in lieu of the deposit of Rudolph and Loomis, and furthermore, he should pay the balance of the purchase money to Tuttle, having the deed made directly to him, after which Snow was to sell the land and divide the profits equally between himself and the other parties after allowing himself interest on the money advanced by him in the purchase. It was alleged the defendant had sold the land at a profit of three thousand four hundred and two dollars and thirty-four cents and each plaintiff sought to recover a one-fourth interest in such profit. These suits were subsequently consolidated in the name of C. F. Rudolph upon his allegation that he had purchased the interest of O. F. Loomis in the transaction; and from a judgment in Rudolph's favor for the sum of one thousand three hundred and twelve dollars and twenty-seven cents the defendant, Dr. E. Snow, prosecutes this writ of error.

Whatever may have been the vice in the suits originally brought by Rudolph and Loomis against plaintiff in error in respect to plaintiff in error's contention that the cause of action was thus split to his prejudice, we think unmistakably that vice was cured by the subsequent consolidation of the cases, and we see no reason why Rudolph alone, upon becoming the owner of the Loomis interest in the subject matter of litigation, could not prosecute the suit. The matter of costs, if that could be of any concern at all in the present case, is not presented in such a way as to merit consideration. We can not see how plaintiff in error's rights in this respect are affected at all, since the costs are awarded against him.

Plaintiff in error next insists that after defendant in error's amendment, wherein he set up the purchase of the Loomis interest, he, the plaintiff in error, should have been again cited, since it was a setting up of a new cause of action. There is obviously no merit in this assignment, since the appearance by plaintiff in error by numerous demurrers to the amended petition dispensed with the necessity for a new service,

even if the amendment set up a new cause of action, which we do not think it did.

Any supposed errors with reference to the foreclosure of the attachment lien against plaintiff in error are cured by the remittitur of that lien filed by defendant in error in the District Court prior to plaintiff in error's taking the transcript from that court.

There was no error in permitting plaintiff to testify that he and Loomis executed a note to the bank for the five hundred dollars alleged to have been put up as earnest money, as against the defendant's objection that the allegations were that it was a cash deposit, since the substance of the issue only need be proved; and besides, this was a matter of inducement only and had little or no bearing whatever upon the real issue in the case, that is, whether or not defendant Snow substituted himself as purchaser of the land promising to pay to plaintiff and Loomis one-half the net profits of the venture.

We do not think plaintiff in error can invoke the rule of law that an agent can not make a sale of his principal's property to himself, since that is a question between the agent and his principal, and if the latter elects to waive the fraud growing out of the duplicity of his agent, a stranger can not complain. The transaction as to plaintiff in error is a completed one, and, as before stated, the vital question to be determined is, did the parties to this suit make the contract alleged, and not whether the contract between Tuttle and Rudolph and Loomis was voidable for Rudolph's fraud.

We can not say the verdict of the jury is unsupported by the evidence. It is not the province of this court to pass upon conflicts in the evidence but that duty devolves upon the trial court and jury. The testimony of defendant in error supports the verdict, and it matters not that the testimony of plaintiff in error does not do so.

We find no error in the judgment and it is affirmed.

*Affirmed.*