## ROYER v. DOBBINS.

No. 14644—Opinion Filed April 7, 1925.

Rehearing Denied Sept. 8, 1925.

**1. Limitation of Actions—Suit to Establish Interest in Joint Adventure.**

"An action by one claiming to be a member of a joint adventure to establish his interest in the property acquired by the adventure is not an action for relief on the ground of fraud, but is founded on the agreement out of which the trust arose, and is governed by the sixth subdivision of section 4657, Rev. Laws 1910 (sec. 185, Comp. St. 1921), and not by the third subdivision of said section, which is applicable to action for relief on the ground of fraud." Cassidy v. Gould, 86 Okla. 217, 208 Pac. 780.

**2. Joint Adventures—Action Between Members for Accounting—Former Member not Necessary Party.**

An original member of a joint adventure who has parted with all his interest in the joint enterprise is not a necessary party in a suit between the other members of the joint adventure to declare a trust and for an accounting as to the remainder of the joint adventure property.

**3. Trusts—Constructive Trust—Parol Evidence.**

A constructive trust may be established by parol evidence where such evidence is clear, satisfactory, and convincing.

**4. Trusts—Expenses of Trustee—Right to Reimbursement After Repudiating Trust.**

A trustee, who has denied the trust, and claims the trust property as his own, is not entitled to be reimbursed for expenses incurred in the management of the trust estate after such repudiation.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Carter County; B. C. Logsdon, Judge.

Action by C. W. Dobbins against E. H. Royer. Judgment for plaintiff, and defendant appeals. Affirmed.

Adams & Orr, Rainey & Flynn, and Calvin Jones, for plaintiff in error.

Johnson & McGill, George S. Ramsey, Malcolm E. Rosser and Villard Martin, for defendant in error.

Opinion by DICKSON, C. On the 22nd day of December, 1921, the defendant in error, C. W. Dobbins, commenced this action in the district court of Carter county against the plaintiff in error, E. H. Royer, to declare a trust in favor of the defendant in error in and to an undivided 75-256ths interest in

an oil and gas lease covering a 40 acre tract of land in said county, and for an accounting for oil and gas taken therefrom.

The parties will be referred to in the opinion as plaintiff and defendant, as they were designated in the trial court.

It is alleged in the plaintiff's petition, in substance, in 1919, the plaintiff, defendant, and one W. S. Critchlow entered into an oral agreement to purchase oil and gas leases for their mutual benefit in Carter county, Okla.; that pursuant to said agreement certain leases were purchased, all of which were taken in the name of E. H. Royer; that among the leases so purchased under said arrangement was a lease on the northeast quarter of the northeast quarter of section 27, township 4 south, range 2 west, in said Carter county; that the plaintiff, defendant, and said W. S. Critchlow each paid his pro rata share of the purchase price of said lease; that afterward, and on the 8th day of October, 1919, the said plaintiff, defendant, and W. S. Critchlow entered into a contract with the Magna Oil & Refining Company by which they conveyed to said company a one-half interest in said lease in consideration of the agreement of the said Magna Oil & Refining Company to develop said lease by drilling five wells thereon. A copy of this contract is attached to and made a part of the petition, and recites that the parties of the first part, E. H. Royer, W. S. Critchlow, and C. W. Dobbins. are the owners of a valid oil and gas lease covering said lands; that said lease was executed on the 11th day of March, 1919, by Ina De-Berry and her husband, Benjamin DeBerry, to H. B. Dooley, and assigned by the said H. B. Dooley to E. H. Royer on March. 8, 1919.

It is further alleged that the Magna Oil & Refining Company has complied with its contract and drilled five wells upon said property free of cost to the plaintiff, defendant, and W. S. Critchlow, and all of said wells have been large producers since brought in, in the spring of 1920; that by reason of said lease standing in the name of said E. H. Royer, defendant, all of the monies belonging to the plaintiff received for oil produced upon said premises have been paid to said defendant; that on the —day of October, 1919, the said defendant conveyed to said W. S. Critchlow his interest in said property, but has failed and refused, although often demanded, to convey to the plaintiff his interest therein, or to pay the plaintiff his part of the money derived from the same.

It is further alleged that the partnership, in purchasing said oil and gas leases, by mutual consent and orally, ceased to exist after the contract was entered into with the Magna Oil & Refining Company; that all of the other leases, which had been acquired by said parties under the arrangement aforesaid, had been disposed of and the money distributed between them.

It is further alleged that the interests of the parties were, E. H. Royer a 5-16th interest, W. S. Critchlow a 6-16ths interest and the plaintiff a 5-16ths interest; that the defendant had collected for oil produced on said lease under the contract with the Magna Oil & Refining Company more than $75,-000 belonging to the plaintiff; and prays judgment for an accounting between the plaintiff and defendant, and that the defendant be required to assign to the plaintiff a 5-16ths interest in and to said lease and to pay over to the plaintiff his proportion of the proceeds collected for oil which has been heretofore sold.

The defendant demurred to the plaintiff's petition upon the grounds: (1) That it did not state facts sufficient to constitute a cause of action; (2) that the petition shows upon its face that said cause of action is against E. H. Royer and W. S. Critchlow. This demurrer was overruled and an exception reserved. The defendant answered, denying all of the allegations contained in the petition, except certain admissions, and by way of cross-petition the defendant alleged that the plaintiff, defendant, and W. S. Critchlow entered into a joint adventure with reference to the purchase of certain oil and gas leases situated in Carter county, Okla., and at the same time and as a part and parcel of the same transaction agreed to purchase certain oil and gas stock certificates in various oil companies and joint stock associations doing business in Wichita county, Tex.; and in the purchase of oil and gas mining leases and interests in oil and gas mining upon lands situated in Wichita county, Tex.

It is further alleged that under the terms of said joint adventure agreement the interest of the parties in each of said joint adventures was placed on a separate footing, and the pro rata that each of the parties was to have was to be determined upon by the party to close and who was responsible for each particular transaction, and further conditioned upon the fact as to whether such party so inaugurating said transaction desired the other parties in said agreement to be in said

transaction, and it was further agreed that at the time each transaction was mutually agreed upon that each of the parties to said joint adventure was to pay upon demand for such interest as he was to have in each particular transaction. The defendant, further answering, says:

"This defendant admits that the partnership in purchasing oil and gas leases existing between himself and plaintiff and Critchlow by mutual consent and orally ceased to exist after the contract as entered into by the Magna Oil & Refining Company and admits that immediately thereafter the defendant therein assigned to W. S. Critchlow his interest in said lease; and this defendant further states that at the time he demanded of the plaintiff C. W. Dobbins to pay to this defendant the amount of money due and owing this defendant by the plaintiff, that the plaintiff C. W. Dobbins failed and refused to pay this defendant the amount due and owing him and thereupon said contract was breached and by reason of the failure of plaintiff to pay said sum no title vested in the plaintiff in and to any of the lease held by the defendant."

The defendant sets up in his answer and cross-petition a number of transactions in Wichita county, Tex., and alleges that the plaintiff collected large sums of money from various enterprises in Texas in which the plaintiff, defendant, and W. S. Critchlow and various other parties were interested, and prays that the plaintiff take nothing by this suit, and that an accounting be had between the plaintiff and defendant as to all of the joint adventures set up in said answer.

From the conclusion we have reached, it is not necessary to set out in detail the allegations contained in the cross-petition. The plaintiff by his reply put in issue the averments contained in the answer and cross-petition. Upon the issues thus framed the case was tried, and the defendant was permitted to introduce all of this evidence with reference to Texas transactions.

At the conclusion of the case the court eliminated all of this evidence, upon the theory that the matters and things set up in said cross-petition involved separate and distinct transactions between the parties not related in any way to the transactions made the basis of this suit, and for the reason that the Texas transactions set up in the answer and cross-petition involved transactions between the plaintiff and defendant and various other parties who were not before the court in this proceeding. Upon the issues of fact raised by the peti-

tion and answer the court found the facts to be as follows:

"First, That plaintiff and defendant entered into an oral agreement for the purpose of purchasing certain oil and gas leases in Carter county, Okla., for sale or development as might prove most profitable to them, and that this oral agreement subsequently became executed by the purchase and sale of certain interests under said oral agreement and by the development of other interests covered by said oral agreement between the parties.

"Second, Upon the issues of fact presented as to the extent of plaintiff's interest with the defendant under said contract between the parties the court finds from the testimony of O. H. Wolverton, C. W. Dobbins. E. H. Royer and Walter Critchlow that the interest of the plaintiff under said contract was originally a five-sixteenths interest.

"Third, That subsequent to the original contract by certain transactions between the parties the interest of the plaintiff was changed from a five sixteenths interest to a seventy-five two-hundred-fifty-sixths interest, and that upon this basis defendant made settlement with the plaintiff for certain sales made of property acquired under the original contract.

"Fourth, The court finds that all leases and other interest in land acquired by the parties under the original contract were taken in the name of the defendant E. H. Royer, and are of record in his name at this time, with the exception of the interest of Walter Critchlow and of the Sharp estate, which has been properly assigned.

"Fifth, That on the 8th day of October, 1919, a contract was entered into between E. H. Royer, W. S. Critchlow and C. W. Dobbins with the Magna Oil & Refining Company by which the Magna Oil & Refining Company acquired an undivided one-half interest of 7-8ths in and to the N.E.¼ of the N. E. ½ of section 27, township 4 south, range 2 west, in Carter county, Okla., for certain consideration therein mentioned and set forth, said lands above described and the oil and gas interest therein being the property in controversy in this action.

"Sixth, That production was had upon the above described premises and the running of oil therefrom began in February, 1920, and that such production has continued since that time, and that there had been regular income from such production since February, 1920, with the exception of short intervals of time when the wells on said lease were disconnected from the pipe lines.

"Seventh, That said oil so taken from said lease has been paid for at regular intervals by the companies taking such production to the owners of record under the original lease and that the payments to the defendant thereunder have been made upon a basis of 154-256ths in 1-2 of 7-8ths of said oil, and that such payments so made to the defendant up to and including September 15, 1922, amount to the sum of $174,644.69.

"Eighth, That said plaintiff has received nothing from such production during such period of time."

And the following conclusions of law:

"First, That the defendant E. H. Royer holds the legal title to an undivided 154-256ths interest of 1-2 of 7-8ths of the lease and oil produced from the N.E.¼ of the N. E.¼ of section 27, township 4 south, range 2 west, in Carter county, Okla., but that he holds an undivided 75-256ths interest therein in trust for the benefit of the plaintiff C. W. Dobbins, and that said C. W. Dobbins is entitled to an accounting from the defendant E. H. Royer to the extent of his said interest therein.

"Second, That a 75-256ths interest amounts to the sum of $86,967.79 of the total income received by the said E. H. Royer from the premises described.

"Third, That the said E. H. Royer is entitled to deduct from said amount the expenses of the lease during its operation, all expenses for freight and supplies, for auto and repairs thereon used in looking after said lease, to the attorney's fee in connection with the Magna contract and to the gross production tax paid by him to the state of Oklahoma, upon the 75-256ths interest belonging to the said C. W. Dobbins and that the total amount of such expenditures to which he is entitled to credit is $21,917.06.

"Fourth, That the original purchase price of the lease in controversy in this action was understood by the parties at the time to be $1,600, but that as a matter of fact it cost $2,500, and that the plaintiff C. W. Dobbins intended to pay a 5-16ths of said purchase price, but in fact paid only the sum of $675, leaving a balance yet due by him to the defendant of $106.25 for which defendant is entitled to credit herein."

And entered a judgment and decree for the plaintiff and against the defendant accordingly. A motion for a new trial was timely filed and overruled and the defendant has appealed to this court and assigns as error: (1) That the court erred in overruling the demurrer to the plaintiff's petition. (a) For the reason that said petition did not state facts sufficient to constitute a cause of action, in that it appears from the face of the petition that the action was barred by the statute of limitations; (b) that it appears from the face of said petition that W. S. Critchlow is a necessary party. (2) That the plaintiff, not having rendered an accounting of the other partnership transactions, could not institute a

suit against his copartner until a final settlement of partnership affairs. (3) That the evidence is insufficient to create a trust. (4) That the court erred in not charging the plaintiff with the proper costs of operating said lease.

The defendant contends that this action is barred by the provision of subdivision 3 of section 185, Comp. St. 1921. In this action the plaintiff seeks to establish a trust in property acquired in a joint adventure, and it is not an action for relief on the grounds of fraud. And the limitation is fixed by subdivision 6 of said section, and could be brought at any time within five years after the cause of action arose.

"An action by one claiming to be a member of a joint adventure to establish his interest in the property acquired by the adventure, is not an action for relief on the ground of fraud, but is founded on the agreement out of which the trust arose, and is governed by the sixth subdivision of section 4657, Rev. Laws 1910, and not by the third subdivision of said section, which is applicable to action for relief on the ground of fraud." Cassidy v. Gould, 86 Okla. 217, 208 Pac. 780.

It is next contended that the petition shows upon its face that Critchlow is a necessary party, and that the demurrer should have been sustained upon that ground. The petition on its face discloses no transaction between the parties except in the purchase and sale of certain oil and gas leases in Carter county, and directly alleges that all of the other leases have been disposed of and the proceeds divided between the plaintiff, defendant, and Critchlow, and that immediately after the contract was entered into with the Magna Oil & Refining Company the defendant conveyed to Critchlow his interest in the lease in controversy. It is conceded that where a petition shows upon its face that the cause of action pleaded cannot be determined without the presence of other parties, such defect may be reached by demurrer. In the instant case the petition shows upon its face that Critchlow has no further interest in the lease in question, and it would have been idle to have made him a party, as no judgment which could have properly been rendered under the allegations of the petition could have affected him in any manner. Critchlow parted with all of his interest in this joint venture by accepting an assignment of an interest in the lease in lieu thereof. Snow v. Rudolph (Tex. App.) 131 S. W. 249; Rowley on Partnership, section 993; 33 C. J. 868, sec. 89.

It is next contended that the plaintiff cannot maintain this suit for the reason that the lease involved is one of a series of partnership transactions, and that it was necessary for the plaintiff to render an accounting of other transactions as condition precedent. The pleadings and the evidence in this case show that there was no general partnership between the plaintiff, defendant, and Critchlow. The parties were joint adventurers in the purchase and sale and development of certain oil properties. The defendant alleges in his answer that each of said joint adventures was to be placed on a separate footing. There was, therefore, no connection between the transaction involved in this suit and the Texas transactions referred to in the answer and cross-petition. The evidence shows that the parties, plaintiff, defendant, Critchlow and various other parties, were interested in the Texas operations. Whether these transactions were finally settled does not appear, and while the court permitted the defendant to introduce all of his evidence with reference to these matters, there is nothing to show that the plaintiff was liable to the defendant or Critchlow in any sum whatever in any of the dealings had in Texas. The court properly excluded this evidence from consideration, for the reason that it was in no way germane to the cause of action set up in the petition and for the reason that the evidence was insufficient to prove any liability on the part of the plaintiff, and for the further reason that the necessary parties were not before the court to adjudicate the issues raised by said answer and cross-petition.

It is next contended that the evidence was insufficient to create a trust. It is conceded that a constructive trust may be established by parol evidence, but in such cases the law requires that the proof to establish it must be of the most satisfactory kind. The evidence in such cases must be clear and unequivocal and decisive. Hayden et al. v. Danenberg, 42 Okla. 776, 143 Pac. 859, Ann. Cas. 1916D, 1191. The evidence on this branch of the case shows that on the — day of — 1919, an assignment of an 80 acre oil and gas lease was made to the defendant; the testimony of both plaintiff and defendant is that it was understood at the time the lease was purchased that it was to cost $1,600; that the plaintiff gave to the defendant his check for $500, with the understanding that he was to have a 5-16ths interest in said lease. The proof shows that afterward other expenses had to be paid in connection with the lease which made it cost

the parties ultimately $2,500; that the plaintiff paid $175 more on the purchase price of said lease when the matter was called to his attention; that later 40 acres of said lease was sold for $25,000 and the proceeds of said sale divided between the plaintiff, defendant, and Critchlow, the plaintiff receiving 5-16ths thereof; that afterward the contract was made with the Magna Oil & Refining Company to develop the 40 acres involved in this suit, and in this contract is recited that said lease is the property of the plaintiff, defendant, and Critchlow. There would seem to be no escape from the conclusion reached by the court on this branch of the case.

Under this contract with the Magna Oil & Refining Company, said company agreed to develop said lease by drilling five wells thereon without expense to the plaintiff. defendant, and Critchlow, for a one-half interest in the lease. It is further provided by said contract that after the completion of said five wells the further development and management of said property shall be at the expense of the parties to said contract. It is agreed that the Magna Oil & Refining Company fully performed its part of said contract, and after said property had been developed, the defendant paid out various sums of money in the further development of said property. The trial court heard all of the evidence on this branch of the case, and found that the defendant was entitled to a credit of $21,917.06. The defendant says in his brief that he introduced evidence in the trial showing that the amounts paid for the development operations amounted to approximately $30,000. The defendant has pointed out no item of expense presented to the court below and improperly disallowed, no exception was saved, or is urged to the rejection of any evidence offered in the support of the defendant's claim. We are simply invited to examine this long and complicated account and see whether we can discover some item or items which the court improperly disallowed. This we decline to do. If the defendant desired a review of the action of the trial court on this branch of the case, he should have pointed out in his brief the errors complained of. Besides, all of the expenses claimed by the defendant were incurred after he had repudiated the trust relation, and it would not have been error for the court to have disallowed the entire claim. Hobbs v. McLean, 117 U. S. 567, 29 L. Ed. 940; Somerset Ry. v. Pierce (Me.) 57 Atl. 888; Hanna v. Clark (Pa.) 53 Atl. 757; Pollard v. Lathrop, (Colo.) 20 Pac. 251; Snow v. Hazelwood,

179 Fed. 182; Lehman v. Rothbarth (Ill.) 42 N. E. 777; Stone v. Farnham (R. I.) 47 Atl. 211; Fuller v. Abbe (Wis.) 81 N. W. 401; Cook v. Lowrey, 95 N. Y. 103.

We have examined the entire record and find no error prejudicial to the rights of the defendant, and therefore, recommend that the judgment appealed from be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 33 C. J. p. 868 § 85 (1926 Anno). (2) 33 C. J. p. 868 § 89. (3) 39 Cyc. pp. 192, 193. (4) 39 Cyc. p. 642 (1926 anno).