(No. 17114.—Decree affirmed.)
SOL RUBIN, Appellant, *vs.* SAMUEL MIDLINSKY *et al.* Appellees.

*Opinion filed April 23, 1926—Rehearing denied June 4, 1926.*

1. DEBTOR AND CREDITOR—*relationship of debtor and creditor is not fiduciary.* A fiduciary relationship exists where confidence is reposed on one side and resulting superiority and influence on the other, but the existence of the relation of debtor and creditor does not of itself show a fiduciary relation.

2. TRUSTS—*proof to establish constructive trust must be clear and convincing.* To establish a constructive trust by parol evidence the proof must be clear and convincing and so strong, unequivocal and unmistakable as to lead to but one conclusion, and if the evidence can be explained upon any theory other than the existence of a constructive trust it is not sufficient to support a decree declaring and enforcing the trust.

3. SAME—*when master's deed will not be considered as taken in trust.* While a court may set aside a deed regular on its face and find the existence of a constructive trust where the evidence is convincing and unequivocal, a master's deed issued pursuant to a certificate of purchase at a foreclosure sale will not be considered

as a mortgage or as requiring a constructive trust although the foreclosure was by agreement of the parties, where the evidence shows that the debtor owed the full amount for which foreclosure was decreed and the master's deed was issued in due course.

4. SAME—*constructive trust must exist when deed is taken.* A constructive trust, when provable by parol evidence, must exist at the time the deed is taken, and a subsequent agreement for a reconveyance and an accounting between the parties cannot be relied upon as requiring the establishment of a constructive trust.

APPEAL from the Circuit Court of Cook county; the Hon. IRA RYNER, Judge, presiding.

GRANVILLE W. BROWNING, and CLARK & CLARK, for appellant.

EPSTEIN & FEIWELL, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellant filed a bill against appellees, Samuel and Anna Midlinsky, seeking an accounting and redemption of certain real estate in the city of Chicago. Appellees answered, and Anna Midlinsky filed a cross-bill seeking to remove certain deeds and affidavits as clouds on the real estate and for an injunction restraining further acts of interference with her rights as owner of the real estate.

It is alleged in appellant's bill that in May, 1915, he was indebted to Samuel Midlinsky in the sum of $1900, and that he gave the latter his notes, signed by himself and his wife, amounting to $4500, secured by a trust deed upon the real estate known as 3642 Roosevelt road, because, he alleges, Midlinsky desired to use the notes as collateral; that thereafter Midlinsky did so use the notes until, by reason of their becoming past due, they could no longer be so used; that appellant had in the meantime become financially involved and judgments were rendered against him, and it was agreed between him and appellees that since the notes and trust deed for $4500 could not be renewed without ren-

dering them junior to the judgments, the notes should be foreclosed and the certificate of purchase under foreclosure sale should be used by appellees as collateral; that about ten months after the giving of the notes and trust deed he sold his equity in the premises to Abner Bernstein for a consideration of $2000; that there was existing then and prior thereto a first mortgage lien in the sum of $8000, and that the sale to Bernstein was subject to the $8000 mortgage and the $4500 mortgage held by appellees; that appellant and Bernstein consented to the foreclosure proceeding at the request of Midlinsky; that the foreclosure was instituted in the name of Anna Midlinsky, who later purchased the certificate at the master's sale and on June 28, 1918, there being no redemption of the property, procured a master's deed for the same; that after giving the $4500 notes and trust deed no further loans were made by Midlinsky to appellant that had not been paid, and that the indebtedness from appellant to Midlinsky was not over $1900; that when Anna Midlinsky received the master's deed she refused to convey the premises to appellant or to Bernstein except upon payment to her of the full amount of the foreclosure decree. The prayer of the bill was that the court declare a trust, order an accounting and a re-conveyance of the premises to appellant upon the payment of such amount as the court should find due.

Appellees by their answer deny appellant's claims, and allege that on May 7, 1915, before the making of the $4500 trust deed and notes, appellant and Midlinsky entered into an accounting of all their transactions prior to that date; that by that accounting it appeared that appellant owed Midlinsky a balance in the sum of $5886.73, and that appellant at that time executed a due bill showing said amount due; that payment of this sum of $5886.73 was thereafter made by giving certain notes amounting to $1319, secured by a trust deed on certain property on Morgan street, in the city of Chicago, and the $4500 notes and trust deed referred to

in this case. Apparently the balance of $67.73 was settled in cash. The answer of appellees further is, that for certain indebtedness which Midlinsky owed to his wife he transferred to her the $4500 notes and trust deed in payment of that indebtedness and that she thereupon became the owner thereof.

The cause was referred to the master, who took the testimony and on consideration thereof found that appellant had failed to sustain any of the material allegations of his bill but that Anna Midlinsky had proved the allegations of her cross-bill, and he recommended that the relief prayed in the original bill be denied and that the prayer of the cross-bill be granted. On review of the master's report the chancellor entered a decree sustaining the same, granting the relief of the cross-bill and dismissing appellant's bill for want of equity. The cause comes here for review, appellant contending that he is entitled to have the conveyance of the property made to him on the payment of the sum found to be due, and that he is entitled to an accounting for rents, etc.

The abstract made by appellant is so deficient in vital points of the testimony that it became necessary for appellees to file an additional abstract of fifty-eight pages, and only by the use of the two have we been able to get at the facts in the case.

On the hearing a due bill for $5886.73, purporting to be signed by appellant, was offered in evidence. We do not understand from the record that appellant now contends that he did not sign this due bill, although the record does show that in a former suit for accounting, similar, apparently, to this one and affecting the same property, appellant swore that he did not sign the due bill. We are of the opinion that the account between these parties up to May 7, 1915, was stated as shown by this due bill, and that at that time appellant owed Midlinsky $5886.73. The evidence also, as we view it, establishes that the $4500 notes and trust deed, and the $1319 notes referred to, were given in

payment of that due bill. This being so, one of the cardinal allegations of the bill in this case is disproved, the evidence showing that the consideration for the notes, instead of being $1900, as alleged in the bill, was for the full face of the notes.

Appellant bases his case on the allegations that there was an agreement that when Mrs. Midlinsky bought the certificate at the master's sale and later took a deed, she would hold the property for appellant until such time as he could get the money necessary to make redemption. It is also alleged that a fiduciary relationship existed between appellant and Samuel Midlinsky. It is evident that up to the time when an attempt was made to arbitrate the claim of appellant for an accounting he and Midlinsky were close friends. There is, however, no evidence in the record that a fiduciary relationship existed between them. The evidence shows that Rubin was a man of some business affairs, who had engaged in the real estate business for a number of years and had owned at different times a number of pieces of property; that he sold or traded the same and entered into the transactions upon his own judgment; that Midlinsky, on the other hand, could not read or write the English language; that all of his books were kept by his wife, and that no transactions were had between them wherein money was loaned by Midlinsky to Rubin without taking evidence of the indebtedness. While the title to certain properties bought by Rubin was taken in Midlinsky's name for the purpose of securing Midlinsky for sums advanced by him to Rubin, there was always a memorandum that Midlinsky was to transfer the property at any time Rubin required. We are of the opinion that no fiduciary relationship was shown to exist between these men. A fiduciary relationship is said to exist where confidence is reposed on one side and resulting superiority and influence on the other. (*Bordner* v. *Kelso,* 293 Ill. 175.) The existence of friendship and the relationship of creditor and debtor do not of themselves

show the existence of a fiduciary relationship. *Higgins* v. *Chicago Title and Trust Co.* 312 Ill. 11.

While counsel do not clearly state the character of trust which they contend exists here, we gather that it is sought to establish a constructive trust. While such trust may be established by parol testimony, the proof must be clear and convincing, and so strong, unequivocal and unmistakable as to lead to but one conclusion. (*Winkelman* v. *Winkelman,* 307 Ill. 249.) If the explanation of the evidence may be made upon theories other than the existence of a constructive trust, such evidence is not sufficient to support a decree declaring and enforcing such trust. (*Streeter* v. *Gamble,* 298 Ill. 332; *McGinnis* v. *Jacobs,* 147 id. 24; *Reeve* v. *Strawn,* 14 id. 94.) A court is justified in setting aside a deed regular on its face and finding the existence of a constructive trust where the evidence is convincing and unequivocal. (*Niland* v. *Kennedy,* 316 Ill. 253; *Conroy* v. *Conroy,* 313 id. 127; *Chechik* v. *Koletsky,* 311 id. 433; *Lord* v. *Reed,* 254 id. 350.) In this case the debt evidenced by the trust deed and notes was for the full amount of the face thereof, and the deed secured on the master's certificate was one issued in due course, and while in this State a deed absolute on its face may be shown by parol to be a mortgage, the burden is upon the person asserting such fact, and the proof thereof must be clear, satisfactory and convincing. (*Rankin* v. *Rankin,* 216 Ill. 132; *Heaton* v. *Gaines,* 198 id. 479; *Burgett* v. *Osborne,* 172 id. 227; *Sutphen* v. *Cushman,* 35 id. 186.) This is a master's deed and not one between the parties. The evidence in this case falls far short of convincing us that this deed is to be considered as a mortgage or that a constructive trust exists.

Appellant contends that the evidence shows that after the deed had been received appellees agreed to an accounting and settlement of their differences and a re-conveyance of the property, and that this is evidence of the manner in which the property is held by Anna Midlinsky. It appears

from the evidence that an attempt was made to arbitrate the differences after the issuance of the deed, but that, owing to disagreement at the time of the first meeting, the matter of arbitration was abandoned. Such an agreement, if established, is not sufficient to establish a constructive trust, which must exist, where provable by parol evidence, at the time the deed is taken. There is evidence offered by appellant, much of which, however, was impeached, that Midlinsky had stated that he was holding the property for the appellant. These statements are denied by Midlinsky *in toto,* and as to a portion of them his denial is corroborated. Moreover, Mrs. Midlinsky is shown to have been the owner of the trust deed and is the holder of the master's deed.

Appellant has not made such a showing as to entitle him to relief in this case, and the decree of the circuit court will be affirmed.

                                        *Decree affirmed.*