## RENEGAR v. BRUNING.

No. 30004.    March 3, 1942.

Rehearing Denied March 24, 1942.

*123 P. 2d 686.*

Richard R. Linn, of Oklahoma City, for plaintiff in error.

O. A. Cargill, Howard K. Berry, and O. A. Cargill, Jr., all of Oklahoma City, for defendant in error.

PER CURIAM. On the 2nd day of December, 1939, the plaintiff, H. R. Bruning, filed his action against the defendant, Owen F. Renegar, alleging, in substance, the transfer of real estate by the plaintiff to the defendant, and that by reason of such transfer a trust relationship existed in favor of the plaintiff.

The defendant entered his denial and pleaded that he obtained the property from one Robert E. Lee Hitt for a fair and valuable consideration of $150. Issues being joined, a judgment was entered for the plaintiff after a trial to the court. The defendant seeks to reverse the judgment and presents nine allegations of error, which he argues in four general propositions.

On the 14th day of March, 1939, plaintiff made a contract to purchase lots 10 and 11 in block 8, John Byrds Lincoln Park addition to Oklahoma City, from Robert E. Lee Hitt and Peggy Lee Hitt for $250 in addition to assuming a mortgage thereon in the approximate amount of $3,000. On June 20, 1939, a deed was executed to the defendant by Robert E. Lee Hitt and Peggy Lee Hitt. On this undisputed statement of fact plaintiff introduces evidence to the effect that the plaintiff, a real estate salesman, who had been formerly represented in a criminal case by the defendant, consulted with the defendant and at the suggestion of the defendant had title conveyed to the defendant for the purpose of obtaining a loan to pay off the $3,000 mortgage and to pay the $250 agreed to be paid by the plaintiff to Robert E. Lee Hitt and Peggy Lee Hitt. That defendant was acting as plaintiff's attorney in this transaction; that the contract of March 14, 1939, was drawn in defendant's office by the defendant's secretary. The defendant introduced evidence to show that he acquired the property on June 20, 1939, directly from Robert E. Lee Hitt and Peggy Lee Hitt after the plaintiff was unable to complete the transaction for the reason that the plaintiff had been formerly convicted of a crime and was not a good financial risk and for this reason was unable to obtain a loan necessary to pay off the mortgage indebtedness and pay the $250 to the grantors, Robert E. Lee Hitt and Peggy Lee Hitt. On this conflicting testimony the court found for the plaintiff and rendered judgment as above stated, and we must presume that the court found all of the disputed issues of fact in favor of plaintiff.

The first two propositions presented by the defendant are that there is no evidence to support the finding of the court and the judgment based thereon; second, that there is no basis for a resulting trust, and in this connection there is no basis for a finding of fiduciary relationship, and therefore there can be no basis for a constructive trust.

Defendant cites and relies on Lincoln v. Chamberlain, 61 Cal. A. 399, 214 P. 1013, and Abraham v. McSoud, 188 Okla. 409, 109 P. 2d 822, and states that this is not a resulting trust. With this contention we agree. We are of the opinion that if there is any trust relationship resulting, it must be a constructive trust. In 26 R. C. L., Trusts, § 78, it is stated:

"Constructive trusts are such as are raised by equity in respect of property which has been acquired by fraud, or where, though acquired originally without fraud, it is against equity that it should be retained by him who holds it. They arise purely by construction of equity, independently of any actual or presumed intention of the parties to create a trust, and are generally thrust on the trustee for the purpose of working out a remedy."

A constructive trust also arises where there is a breach of fiduciary relationship. Defendant cites and relies on the rule announced in Oliphant v. Rogers, 186 Okla. 70, 95 P. 2d 887, wherein it is stated:

"It is conceded that a constructive trust may be established by parol evidence, but that the law requires that the proof be of the most satisfactory kind. The evidence must be clear, unequivocal and decisive. See Hayden v. Dannenberg, 42 Okla. 776, 143 P. 859, Ann. Cas. 1916D, 1191; Royer v. Dobbins, 111 Okla. 156, 239 P. 157; McGann v. McGann, 169 Okla. 515, 37 P. 2d 939; Coryell v. Marrs, 180 Okla. 394, 70 P. 2d 478."

In the same opinion it is stated:

"In the case of Noble v. Bodovitz, 175 Okla. 432, 52 P. 2d 1046, it was pointed out that: 'In cases of equitable cognizance, the judgment of the appellate court should not lightly displace the judgment of the trial court, which had

the advantage of observing the witnesses upon the stand.'"

This opinion affirmed the action of the trial court in holding that there was no constructive trust.

The test is, has there been a breach of a fiduciary relationship by reason of which equity will declare a trust?

It becomes important, therefore, to inquire what constitutes a confidential or fiduciary relationship. In general, a confidential relationship or fiduciary relationship, the two terms being ordinarily used interchangeably, within the meaning of the rule that a constructive trust arises from the abuse or violation of such a relation, exists wherever confidence is reposed on one side and there is a resulting superiority and influence on the other. 65 C. J. p. 483, Trusts, § 228; Neagle v. McMullen, 334 Ill. 168, 165 N. E. 605; Rubin v. Midlinsky, 321 Ill. 436, 152 N. E. 217. Compare Ridky v. Ridky, 226 Mich. 459, 198 N. W. 229, holding that a court of equity can and should recognize a disparity of intellectual force, ability, and business experience between parties and the dominant position of one with respect to the other.

A person is found to stand in a fiduciary relationship to another when he has rights and duties which he is bound to exercise for the benefit of that other person. Dick v. Albers, 243 Ill. 231, 90 N. E. 683, 134 Am. St. Rep. 369; Koehler v. Haller, 62 Ind. App. 8, 112 N. E. 527. An attorney acts in a fiduciary capacity in a transaction had with his client. Wolfe v. Bass Furniture & Carpet Co., 152 Okla. 125, 3 P. 2d 895. He is not permitted to deal in the subject matter of his employment without the knowledge and consent of his client irrespective of the question of good faith or fairness of the transaction. Wolfe v. Bass Furniture & Carpet Co., supra; Board of Commissioners v. Hazelwood, 79 Okla. 185, 192 P. 217. Where the defendant, under no obligation to act for the plaintiff in the adjustment of his affairs, nevertheless undertook to do so, he was then bound to perform such duty with fidelity, and a contrary attitude and conduct would constitute actual fraud. Duncan v. Dazey, 318 Ill. 500, 149 N. E. 495. We think the rules indicated above applicable in the case at bar. We hold the court was justified in finding, substantially, that the defendant while acting as the attorney for the plaintiff breached the fiduciary relationship of attorney and client by assuming to act for him at the suggestion of the defendant, and that having assumed the obligation to act, it was his duty to act only for the benefit of the plaintiff. Under all the facts and circumstances, a constructive trust was properly declared by the court.

We deem it necessary to consider only two other points. Defendant argues that the court erred in not ordering paid back to the defendant what the defendant had expended. The evidence reasonably discloses that all of the expenditures made by the defendant were made out of the proceeds of the loan obtained by him together with the funds derived from the sale of the oil and gas interest on the premises. The court so found in its special findings of fact made at the request of the parties prior to the rendition of the judgment, and this finding of fact is sustained by substantially all of the evidence.

The court also refused to disturb the note and mortgage executed by the defendant in order to obtain the funds which is evidenced by the mortgage now on the premises. There is no attempt by the defendant to reform the instruments involved in the case. He rested upon his right to defeat the claim of the plaintiff. The mortgagee was not made a party. We therefore hold that the granting of any relief in the nature of a reformation of the note and mortgage is not before us at this time.

Finding no error in the judgment of the court, the same is affirmed.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, GIBSON, and HURST, JJ., concur. ARNOLD, J., disqualified. BAYLESS and DAVISON, JJ., absent.