We are in receipt of your request for an Attorney General's opinion wherein you ask, in effect, the following question: What is the legal liability of individuals serving in the capacity of surrogate parents for handicapped children receiving educational services within the State of Oklahoma? There are certain basic assumptions and definitions implicit in your question which must be explained prior to addressing the precise question asked. Oklahoma receives substantial federal assistance for the education of handicapped children from the federal government under the provisions of the "Education of All Handicapped Children Act," Public Law94-142; 20 U.S.C.A. 1401, et seq. In order to receive the federal funds recipient states must adopt plans which will assure that all handicapped children within the state will be eligible to receive a "free appropriate public education." 20 U.S.C.A. 1413(a) (9); 1401(18). The law further provides that each handicapped child be provided with an "individualized educational program" (IEP) designed to facilitate and assure the extension of educational services to the child in conformity with the needs of the handicapped child. The IEP of a handicapped child is the product of evaluations and recommendations made on the part of professional diagnosticians, educators, administrators and parents or guardians of the handicapped child. The IEP is intended to insure as closely as possible that the handicapped child will receive the kinds of service necessary to permit the handicapped child to achieve levels of education commensurate with that child's individual abilities. Of course, the sole goal of the IEP is to provide for the best interests of each handicapped child. However, the interests of the parties participating in the development of the IEP are not always identical. School administrators must necessarily be concerned about the means and economic impact of providing services for all the children receiving educational services, not just handicapped children. There are, and will continue to be in the future, substantial demands upon the resources of local school districts and schools to provide quality education to all the patrons of the school system. Conversely, the interests of parents and guardians of handicapped children are, quite naturally, focused almost exclusively on the needs of their child. The law recognizes that there might not always be identical views with respect to what services should be and can be provided for each individual handicapped child. Consequently, the law provides for "procedural safeguards." 20 U.S.C.A. 1415. In order for the procedural safeguards established by 20 U.S.C.A. 1415
to have efficiency there must be an individual who will represent the interests of the child without regard to the competing institutional or educational interests represented by the school system, its teachers and administrators. Of course, this role will most often be filled by the parents or legal guardians of handicapped children. However, on occasion a handicapped child will not have a parent or legal guardian who is completely free of commitments possibly conflicting with the uninhibited representation of the child's interests. Anticipating this contingency, 20 U.S.C.A. 1415(b)(1)(B) provides as follows: "The procedures required by this section shall include, but shall not be limited to — * * * (B) procedures to protect the rights of the child whenever the parents or guardians of the child are not known, unavailable, or the child is a ward of the State, including the assignment of an individual (who shall not be an employee of the state educational agency, local educational agency, or intermediate educational unit involved in the education or care of the child) to act as a surrogate for the parents or guardians; . . ." The "surrogate parent" is an individual who undertakes to serve in the capacity of a parent or guardian for the purpose of assisting in the preparation of an IEP for the handicapped child. Your question inquires as to whether these individuals, serving in the capacity of surrogate parents, would be liable for their negligence should they fail to exercise reasonable care in performing their duties in the process of developing the IEPs. The federal law provides no liability insulating feature in the enactment. The federal implementing regulations for the "All Handicapped Children's Act" do not specifically reference to potential civil liability of surrogate parents. However, under "Comments" to the federal regulations, the following statement has been made: "The legal liability of surrogates will be determined under state law relating to such matters as breach of fiduciary duty, negligence, and conflict of interest. The federal government has no authority to limit liability." An exhaustive search of the Oklahoma Statutes does not reveal any enactment which would operate to insulate the surrogate parents from liability for a failure to perform the duties undertaken with respect to the handicapped child. When an individual undertakes to act as a surrogate parent, a special relationship arises between that individual and the child which relationship necessarily reposes in the adult a degree of trust, confidence, integrity, and fidelity to act on behalf of the minor child. A person is a fiduciary when that person undertakes to exercise rights and duties on behalf of or in favor of another. Renegar v. Bruning, 190 Okl. 342, 123 P.2d 686
(1942). The very nature of the duties undertaken by the surrogate parent make that individual a fiduciary with respect to the handicapped child. Nothing presently within the law of the State of Oklahoma would relieve the surrogate parent of liability for failure to perform in a reasonably prudent manner the confidential and fiduciary duties undertaken. It is, therefore, the opinion of the Attorney General that a surrogate parent is a fiduciary with respect to the handicapped child when performing the duties of a parent or legal guardian in the process of developing an individualized educational program for the handicapped child. Nothing in the law of the State of Oklahoma would insulate surrogate parents from legal liability for their failure to exercise reasonable care in the performance of those duties. (JOHN F. PERCIVAL) (ksg)