REED v. PECK & HILLS FURNITURE CO. et al.

No. 12371—Opinion Filed Nov. 13, 1923.

1. Contracts—Oral Negotiations Superseded by Writing.

The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matters which preceded or accompanied the execution of the instrument.

2. Trusts—Trust Ex Maleficio Relating to Land—Requisites.

In order that the doctrine of trusts ex maleficio with respect to land may be en-

forced under any circumstances, there must be something more than a mere verbal promise, however unequivocal; there must be an element of positive fraud accompanying the promise, and by means of which the question of the legal title is wrongfully consummated.

### 3. Same—Insufficiency of Petition.

Record examined, and held, that the trial court did not err in sustaining the demurrer to the plaintiff's second amended petition.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Okmulgee County; Mark L. Bozarth, Judge.

Action by plaintiff to have a resulting trust declared upon certain real estate situated in Okmulgee County described in plaintiff's petition. Defendants filed a general demurrer to plaintiff's second amended petition. The trial court sustained said demurrer. Plaintiff refused to plead further, whereupon the court dismissed plaintiff's suit. Plaintiff brings error. Affirmed.

Fred M. Carter, C. M. Gordon, and Wade H. James, for plaintiff in error.

W. W. Witten and Harper E. Osborn, for defendants in error.

Opinion by PINKHAM, C. This is an appeal from an order entered by the district court of Okmulgee county, Okla., on the 18th day of January, 1921, sustaining the demurrer of defendants to the second amended petition of plaintiff.

The plaintiff in error being plaintiff in the lower court, and the defendants in error being defendants in the lower court, the parties will be referred to herein as plaintiff and defendants.

Defendants filed a general demurrer to plaintiff's second amended petition. On the 18th day of January, 1921, the trial court sustained said demurrer and plaintiff excepted and refused to plead further, whereupon the court dismissed plaintiff's suit. Plaintiff excepted and gave notice in open court of her intention to appeal to this court.

Counsel for plaintiff have confined their brief and argument to a discussion of the second cause of action in plaintiff's second amended petition. The material facts pleaded therein necessary to be considered in order to determine whether or not the court erred in sustaining the demurrer and dismissing the plaintiff's suit are as follows:

That on February 6, 1909, the defendant obtained a judgment against the plaintiff in the circuit court of Carroll county, Ark., in the sum of $2,345, and costs, upon a debt plaintiff owed defendant. A copy of which judgment is attached to plaintiff's amended petition; that thereafter in 1913, the plaintiff went to Chicago and stated to one Bremner, the secretary of the defendant company, that she had a claim to some land, formerly owned by one Sweet; that it would require a lawsuit to obtain possession of the land, and that she was without resources to carry on the suit; that thereupon said Bremner agreed that defendant would hire one Osborn, its attorney, to prosecute the suit, would pay the costs, and have the land decreed to plaintiff, have a sale to satisfy defendant's judgment; bid it in at such execution sale, and hold the title thereto in trust for plaintiff until such time as plaintiff might be able to pay the defendant its debt and reimburse it for such attorney's fees and costs as might be incurred in the litigation, and that in pursuance of that agreement plaintiff executed a power of attorney to confess a judgment for $3,770, made an affidavit that such amount was due, and that upon that power of attorney and affidavit judgment was entered in favor of defendant against plaintiff in the district court of Creek county for the amount specified in the power of attorney and affidavit, and that afterward defendant brought suit in the said court against said Sweet and others, and with the aid of plaintiff as a witness, established title to the property in question, in plaintiff, subject to the lien of defendant's judgment, and had an order entered directing the sheriff to sell the land to satisfy the amount of defendant's judgment.

That all the above mentioned agreement was made between plaintiff and the said Bremner, secretary of the defendant. That after plaintiff entered into said agreement upon the advice of the said Osborn, she suffered a judgment to be taken in the name of the defendant against this plaintiff in the district court of Creek county for the sum of $3,738 on the 17th day of October, 1913.

Before the sale of the land, plaintiff again went to Chicago and signed an agreement setting out that she was unable to raise the money and bid in the property at said sale, and defendant agreed in writing that in case it bid in the property at said sale, plaintiff should have six months from the date of said agreement, April 3, 1917, in which to redeem said property for the sum of $3,000; that plaintiff was unable to pay the $3,000 within the time set out in said written agreement. More than two years after the said sale, which occurred on May

19, 1917, the plaintiff again went to Chicago and offered to pay defendant the judgment, attorneys fees and costs, and that defendant thereupon refused to accept the same and deed the property to plaintiff in accordance with the alleged verbal agreement.

The question for determination is, Do these facts state a cause of action in favor of the plaintiff and against the defendant?

It clearly appears from the allegations of the petition that this suit was brought upon an express oral contract. That contract in effect was a promise made by the secretary of the defendant in 1913, to the plaintiff that:

"Plaintiff was to have the right and privilege of paying defendant the amount of said judgment, in the circuit court of Carroll county, Ark., at any time she might be able to do so, and that upon the payment of said sums the said defendant by and through its said agent and attorney, agreed with this plaintiff and assured her that they would execute a deed conveying to this plaintiff all of the above described land."

Section 5034, Compiled Statutes 1921, provides:

"The following contracts are invalid, unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged or by his agent: First, an agreement that, by its terms, is not to be performed within a year from the making thereof; * * * fifth, an agreement for the leasing for a longer period than one year, or for the sale of real property, or of an interest therein; and such agreement, if made by an agent of the party sought to be charged is invalid, unless authority of the agent be in writing, subscribed by the party sought to be charged."

Both sections of this statute render the oral agreement alleged in the petition void. The oral agreement set out in the petition was not to be performed within a year; it was for the sale of an interest in real property. The agreement was not made in writing, nor was the agent of the defendant who made the promise authorized in writing to make such agreement.

"A parol promise or agreement by one person to purchase lands and hold them in trust for another, is within the statute of frauds, and not enforceable as an express trust * * * as is also a parol promise or agreement by one to purchase at an execution, foreclosure, or other judicial sale, and hold in trust for the judgment debtor, or convey to him upon reimbursement of the purchase price." (39 Cyc. 49-71.)

"A trust results from the acts, and not from the agreement of the parties, or rather from the acts accompanied by the agree-ments; but no trust can be set up by mere parol agreements, or, as has been said, no trust results merely from the breach of a parol contract." Perry on Trusts (6th Ed.) sec. 134.

In the case of Minot v. Mitchell, 30 Ind. 228, the court says, page 234:

"So far as the real estate is involved, the complaint does not make Mitchell a trustee. His purchase at sheriff's sale was with his own money, and no fraud is charged in such purchase. It is not alleged that he prevented others from bidding on the property by representing that he was purchasing for the benefit of Minot. It is a simple averment of a verbal agreement that Mitchell should purchase the property at sheriff's sale and take the title in his own name. he agreeing to hold it for the benefit of Minot. According to the comp'aint he did so purchase. The legal title vested in him without fraud. Can he be treated as a trustee? The rule is thus stated: 'But in no case will the grantee be deemed a trustee, if he used no fraud or deceit in getting his title, although he verbally promised to hold the land for the grantor.' (Browne, Statute of Frauds, 92 sec. 95.)"

Furthermore, no date being fixed for the determination of the oral contract, it rested with either party to end it at his pleasure. The contract relation was to end sometime, and in the absence of any provision fixing the date, the law will imply that it was determinable at the pleasure of either provided good faith be observed. Rosenblatt v. Weinmann (Pa.) 74 Atl. 55.

The demurrer raised the question of the statute of frauds. The petition alleges that the contract sued on was an oral contract. The oral contract could not create any right in the land. A further difficulty with plaintiff's petition arises from the fact that it is distinctly alleged that plaintiff went to Chicago and executed the written agreement of April 3, 1917, in which it was provided that the defendant in that case, in the event that it became the purchaser of said property at said sale, would deed said property to plaintiff in this case at any time within six months from April 3 1917, upon the payment by the plaintiff to the defendant company of the sum of $3.000. This agreement was signed by the plaintiff in this cause, and witnessed. A copy of said written agreement is attached to plaintiff's petition and made a part thereof.

Section 5035, Compiled Statutes 1921, is as follows:

"The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations, concerning its matter which

preceded or accompanied the execution of the instrument." (Garrison v, Cress, 19 Okla. 433, 91 Pac. 1130: Shaw v. Hutton, 75 Okla. 255, 183 Pac. 477.)

The written agreement of April 3, 1917, superseded the former oral negotiations, and there being no sufficient allegations of fraud in connection with the making of said written agreement, such agreement was binding upon the parties. The petition clearly shows that no advantage was taken of plaintiff in her negotiations with the defendant.

The cases cited in the brief of plaintiff in support of the contention that a resulting or constructive trust was created are not applicable to the facts pleaded in the petition. The averment to the effect that defendant agreed to hold the title to the land in question in trust for plaintiff until such time as plaintiff might be able to pay defendant its debt, and would then convey the land to plaintiff, was a verbal agreement only, and so far as there might be supposed to arise therefrom any trust, it was an express trust which would be invalid because of not being manifested by some writing signed by the party declaring the trust. (Stevenson v. Crapnell, 114 Ill. 19.)

Section 8457, Compiled Statutes 1921, provides that uses and trusts in relation to real property are those only which are specified in this article. Section 8462 provides that no trust in relation to real property is valid unless created or declared first, by a written instrument, subscribed by the grantor, or by his agent thereto authorized by writing; second, by the instrument under which the trustee claims the estate affected; or, third, by operation of law.

Where there is an express trust, there cannot be a resulting trust. (Stevenson v. Crapnell, 114 Ill. 19.)

In the case of Perry v. McHenry, 13 Ill. 227, the court says:

"The result of our examination of the doctrine of resulting trusts is this—that such a trust can only arise in favor of a person who claims to have furnished the consideration money, when such consideration, or some aliquot part thereof was furnished as part of the original transaction at the time the purchase was made. The party claiming the benefit of a resulting trust must have occupied a position originally which would have entitled him to be substituted in the place of him to whom the conveyance has been made. No subsequent arrangement, made after the purchase nor any parol agreement existing before, nor parol declaration, at the time that the purchase is made for the benefit of some other person, will raise a trust in such other person's favor in the absence of any other fraud than that which arises from the violation of the purchaser's parol promise or agreement, where the purchaser takes the title in his own name, and pays the consideration out of his own funds."

There being no constructive trust, the verbal agreement comes clearly within the statute of frauds.

The contention that defendant was guilty of fraud and deceit in its dealing with plaintiff, and that a fiduciary relation existed between the parties, finds no support in the allegations of the petition.

"In order that the doctrine of trusts ex maleficio with respect to land may be enforced under any circumstances, there must be something more than a mere verbal promise, however inequivocal; otherwise the statute of frauds would be virtually abrogated. There must be an element of positive fraud accompanying the promise, and by means of which the acquisition of the legal title is wrongfully consummated." 3 Pom. Eq. Jur. (3rd Ed.) sec. 1056.

From the allegations of the petition it clearly appears that the defendant was endeavoring to collect a debt owed by plaintiff to it, and there is no claim that defendant was not justly entitled to the amount of its judgment obtained against the plaintiff in 1909 in the circuit court of Carroll county, Ark., and that that judgment amounted to more than the defendant agreed in writing to accept at any time within six months from the date of that agreement, which was April 3, 1917. It further appears that in pursuance of the verbal agreement entered into between plaintiff and defendant prior to the time of the execution of the written agreement of April 3, 1917, plaintiff executed a power of attorney to confess a judgment for $3,770, and made an affidavit that that amount was due plaintiff, and upon that power of attorney, and affidavit, judgment was entered in favor of defendant and against plaintiff in the district court of Creek county for the amount specified in the power of attorney and affidavit, and that afterward defendant brought suit in said court against said Sweet and others, and with the aid of plaintiff as a witness, established the title to the land in question in plaintiff subject to the lien of defendant's judgment, and had an order entered directing the sheriff to sell the land to satisfy the amount of defendant's judgment. This was all in strict accordance with what plaintiff alleges defendant agreed to do.

It also appears from the petition that before the land was sold plaintiff again went to Chicago and entered into a writ-

ten agreement setting out that she was unable to raise the money and bid the property in at said sale, and that defendant agreed that in case it bid the land in at said sale, plaintiff should have six months from the date of said agreement, April 3, 1917, in which to redeem said property for the sum of $3.000, thereby reducing the amount of the judgment against the plaintiff from $3.770 to $3,000. Plaintiff did not pay the $3.000 within the time affixed in the written agreement.

More than two years after the sale on May 19, 1917, plaintiff offered to pay defendant the judgment, attorney's fees, and costs, which defendant refused to accept, and deed the property to plaintiff in accordance with the verbal agreement. Counsel for plaintiff in their brief do not claim under the written agreement, which plaintiff shows by her petition she did not comply with, but rely solely upon the oral agreement to the effect that the defendant would convey the land to her at any time upon her payment of the debt to defendant. Plaintiff cannot claim to have the parol agreement enforced because, admitting it to have existed, it is void by the statute of frauds; and it does not appear from the allegations of the petition that defendant used any artifice of misrepresentation in its dealings with plaintiff, and for the further reason that the oral agreement was superseded by a written agreement reducing the amount of plaintiff's indebtedness more than $700 from the sum confessed by her to be due, and giving plaintiff six months from the date of the agreement within which to pay the said sum of $3.000, in which event defendant agreed in writing to convey the land to the plaintiff.

For the reasons stated, we conclude that the action of the trial court in sustaining the demurrer to the second amended petition of the plaintiff was right, and in that regard should be affirmed.

By the Court: It is so ordered.