## MERCHANTS SOUTHWEST TRANSFER & STORAGE CO. v. HARTFORD ACCIDENT & INDEMNITY CO. et al.

No. 19664. Opinion Filed Oct. 14, 1930.

Rehearing Denied Dec. 23, 1930.

John R. Guyer and M. H. Mills, for plaintiff in error.

Rittenhouse, Lee, Webster & Rittenhouse and V. E. McInnis, for defendants in error.

HEFNER, J. The plaintiff in error herein, as plaintiff, brought this suit in the district court of Oklahoma county against the defendants in error herein, as defendants, for the specific performance of an oral contract to convey land. This appeal is from a judgment of the trial court in sustaining the separate demurrers of the defendants to plaintiff's petition.

The petition declares upon an oral contract to convey real estate. A deed of trust had been foreclosed against certain properties in Oklahoma City in a separate suit. The property had been sold at execution sale to Mary Olive Dunn, executrix of the estate of Archibald Dunn, deceased. The return of sale was made and the sale confirmed. After the confirmation sale the plaintiff in this case filed a motion to vacate the order of the court confirming the sale and asked to have the writ of assistance issued under it quashed. It is alleged that the defendants orally agreed with plaintiff that they would accept the sum of $15,000 in full satisfaction of their claims against plaintiff and against the property, provided the same should be ready for payment by nine o'clock a. m., on the 17th day of December, 1927, and provided, further, plaintiff would enter into a written stipulation with defendants then and there to dismiss its motion to vacate the order confirming sale and to quash the writ of assistance with prejudice to its right to further rely upon the same.

Plaintiff alleges that the defendants orally agreed with it that if said sum of $15,000 was ready for payment by the time above set forth, they would convey to plaintiff said property by such deed as the defendant Mary Olive Dunn, executrix, was or should be authorized to execute, and that it signed a written stipulation dismissing its motion.

A copy of the stipulation was attached to the petition and is as follows:

"It is agreed and stipulated, subject to the approval of the district court in and for Oklahoma county, Okla., in the above number and style cause that certain motion to vacate and set aside the order of the district court in said cause confirming the sheriff's sale made under the order of this court on the 19th day of November, 1927, which sale was made on the 8th day of November, 1927, shall be and the same is hereby dismissed with prejudice so that the defendant, Merchants Southwest Transfer & Storage Company, a corporation, shall have no other or further right of said sale. In consideration thereof the purchaser at said sale and the plaintiff herein do agree that they will withhold the execution of that certain writ of assistance issued out of this court directing the sheriff of Oklahoma county, Okla., to put the purchaser into possession until 9 o'clock a. m., on the 17th day of December, 1927. Time is of the essence of this agreement and so considered by the parties.

"And it is further stipulated and agreed that the parties hereto will withhold the execution and delivery by the sheriff of Oklahoma county, Okla., of the sheriff deed ordered by the confirmation of sale above mentioned until 9 o'clock a. m., the 17th day of December, 1927.

"This 12th day of December, 1927."

This stipulation was signed by the parties and the court approved it by the following order:

"The above stipulation approved this 12th day of December, 1927, and the Sheriff of Oklahoma county, Okla., instructed to abide thereby, but in no event later than 9 o'clock a. m., the 17 day of December, 1927."

"T. G. Chambers, Judge."

It will be noted that this stipulation specifically provides that the consideration therefor was that the writ of assistance should be withheld and should not issue before 9 o'clock a. m., on the 17th day of December, 1927, and time was made of the essence of the contract. The stipulation was dated and filed December 12, 1927. There is nothing whatever in the written contract that refers in any manner to any agreement with reference to reconveying the property, and the oral agreement pleaded cannot be made a part thereof, because it would be varying the terms of the written agreement.

At the foreclosure sale the purchaser was the estate of Archibald Dunn, deceased, of which Mary Olive Dunn was the executrix. The estate was under the control of a probate court. She was without power to bind the estate by either an oral or a written contract to convey the real estate. For this reason the contract could not be enforced against her.

The petition shows on its face that an estate of Archibald Dunn, deceased, had become the purchaser of the property at the foreclosure sale. The title to the land had passed to the estate, and the Hartford Accident & Indemnity Company was without power or authority to in any way bind the estate. It was therefore impossible to enforce the contract against it.

Neither can the oral agreement relied upon to reconvey the property in question be enforced, because it is contrary to the provisions of the statute of frauds. For the purpose of the demurrer the allegations as to the oral contract to reconvey the land must be taken as true. Subdivision 5 of section 5034, C. O. S. 1921, is as follows:

"An agreement for the leasing for a longer period than one year, or for the sale of real property, or of an interest therein; and such agreement, if made by an agent of the party sought to be charged, is invalid, unless the authority of the agent be in writing, subscribed by the party sought to be charged."

The facts in the case of Doyle-Kidd Dry Goods Co. v. Ingram, 110 Okla. 3, 236 Pac. 37, are somewhat similar to the facts alleged in this case. In deciding that case this court, among other things, said:

"If there was a contract made, it, in short, amounted to this: The defendant agreed with the plaintiff that if the defendant should acquire title to the stock of goods and accounts formerly belonging to the Ingram Trading Company, at the bankruptcy sale, then defendant would resell the stock and accounts to plaintiff upon terms indicated by the plaintiff. It is alleged that the contract was oral, and it is insisted by plaintiff that the value of the stock of goods and accounts amounted to several thousand dollars. The contract being oral, and the amount involved being in excess of $50 under section 5034, Comp. Stat. 1921, there must have been part performance of the contract to make it enforceable. Until some part of the consideration was paid, or until some part of the property was delivered, the contract was unenforceable and invalid under the statute. There is an entire failure to show that any part of the consideration was at any time paid. There is no contention made that any part of the property was turned over by defendant and received by the plaintiff. The plaintiff contends, however, that the fact that the defendant bought the property in at the bankruptcy sale constituted a part performance of the agreement. The sale was being made as a part of the bankrupty proceedings and for the benefit of the creditors of the bankrupt, and was not a matter in the control of either the plaintiff or the defendant. The plaintiff contends that he advised some of the prospective bidders at the sale that he was to be taken care of, and this had a tendency to prevent competitive bidding; but it does not appear that the defendant was a party to any agreement that this should be done. Any such arrangement or understanding might easily have amounted to a fraud upon the creditors of the bankrupt, and is not looked upon with favor by the courts. The contention that the defendant's bid at the bankruptcy sale amounted to a part performance of the oral agreement between the plaintiff and defendant cannot be maintained; nor can the fact that the stock of goods and the bunch of accounts were knocked off to the defendant upon its bid amount to any such part performance."

Under the rule announced, it seems clear that the oral agreement pleaded is stricken down by the statute of frauds, and for that reason it cannot be enforced.

It is further contended, however, that if the plaintiff is not entitled to specific per-

formance of the contract on account of the statute of frauds, then the effect of the oral agreement was to create a trust between the plaintiff and the defendant, so that when the executrix bought the land it was acquired as a trustee for the benefit of the plaintiff.

The same contention was made in the Doyle-Kidd Dry Goods Co. Case, supra, and in answer thereto this court said:

"The plaintiff now contends here that the contract was not, in fact, an agreement for the sale and purchase of the stock of goods and accounts, but the effect of the oral negotiations was to create a trust agreement between the plaintiff and defendant so that when the defendant bought the stock of goods and accounts, defendant acquired the title as trustee for the benefit of the plaintiff; and that for such reason the statute of frauds has no application whatever. The plaintiff cites many cases to the effect that where an agreement has been entered into between a debtor and his creditor, by which the creditor agreed to buy in the property of the failing debtor for the debtor's benefit, and by reason of the agreement and the conduct of the creditor competitive bidding was chilled and the property bid in at a sacrifice price, that a trust relation will have been brought about between the debtor and creditor which the courts will recognize and enforce as a constructive trust regardless of whether the agreement was in writing or any consideration paid. The theory advanced in this line of cases is that such a situation has been brought about that would amount to a fraud upon the debtor to permit the creditor to take advantage of the condition which has arisen by reason of his conduct and agreement. It seems to us that the plaintiff has not brought himself within the rule in these cases, either by pleading or proof. The plaintiff's suit is an action at law for damages for the breach of a contract. It is true that he alleges that by reason of the alleged agreement he did not bid at the bankruptcy sale upon the stock of goods or accounts. It is not alleged or proven that he was in a financial situation to have taken care of a bid had he made it. He does not allege or prove that it was a part or parcel of the agreement that he should not bid upon the stock of goods or accounts. He neither alleged nor proved any conduct upon the part of the defendant which would in any manner be construed as having the effect of destroying competitive bidding. He testified that no agreement was made with the defendant by which he was not to bid at the sale; and never told the agents of the defendant that he would not bid at the sale. His testimony is to the effect that he did not bid at the sale because he wanted the goods to sell at as high a price as possible, and wanted his creditors to get as high a percentage on what he owed them as pos-sible. He said it never crossed his mind to enter into an agreement with the defendant by which he was not to bid.

"It seems to us that the evidence offered on the part of the plaintiff was entirely insufficient to establish a part performance of the alleged contract such as would take the oral agreement out of the statute of frauds; and altogether insufficient to establish a trust relation between the plaintiff and defendant, or require the court to hold that such trust relation had arisen such as would be a fraud upon the plaintiff to permit the defendant to violate and to hold that the statute of frauds is inapplicable."

The facts alleged in plaintiff's petition in the case at bar are not nearly so strong as those alleged in the Ingram Case, supra, and this court clearly held the facts in that case insufficient to establish a trust relation between the plaintiff and the defendant or to require it to hold that such trust relation had arisen such as would be a fraud upon the plaintiff to permit the plaintiff to violate and to hold that the statute of frauds was inapplicable.

Take the plaintiff's petition as a whole, together with the written contract attached thereto as an exhibit, we do not think the allegations contained therein stated a cause of action against the defendants or either of them. The order of the trial court should be, and is hereby, affirmed.

RILEY, CLARK, SWINDALL, and ANDREWS, JJ., concur.

MASON, C. J., LESTER, V. C. J., and HUNT and CULLISON, JJ., absent.