## HAZLETT v. KEARSE.

No. 24309. March 12, 1935.

W. H. Cooper, for plaintiff in error.

Barefoot & Carmichael and Pruitt & Wamsley, for defendant in error.

PER CURIAM. Plaintiff alleged, in substance, that she conveyed the lands in question to the Ft. Cobb Town Company, a corporation, of which she was a stockholder, without consideration, and with the oral agreement that the company would account to her for the net proceeds of all lots sold, and at the expiration of 20 years would reconvey to her all of the lots remaining unsold. Also, that the defendant, as director of the company, had conspired with other

directors to defraud her of her property, and that the company had conveyed some of the lots to the defendant and had failed and refused to account to her for the proceeds of the lots. The defendant denied the oral agreement and pleaded the statutes of limitations. The trial court made a general finding in favor of the defendant and denying plaintiff any relief.

Counsel för plaintiff, in the trial, made various contentions as to fraud and as to the validity of the deeds executed by the plaintiff. In his brief filed in this court, he confines the argument to the proposition as to whether the court erred in holding that the evidence of plaintiff did not prove a resulting trust, and that the statutes of limitations applied.

The trial court was correct in holding that the evidence did not establish a resulting trust. The evidence was conflicting and not conclusive. The plaintiff conveyed by general warranty deed, without reservation or limitation on the title. The trust agreement was oral. Had the agreement to hold the land in trust for plaintiff, and to reconvey, been in writing, it would have established an express trust. The oral agreement to that effect is not enforceable as an express trust. Secs. 11803, 11808, 11820, 11821, O. S. 1931; Reed v. Peck & Hill Furn. Co., 93 Okla. 212, 220 P. 900; Bryant v. Mahan, 130 Okla. 67, 264 P. 811.

We deem it unnecessary to determine which, if either, of the several statutes of limitations apply. Since there was no proof of a valid trust, the judgment of the trial court should be affirmed.

The Supreme Court acknowledges the aid of Attorneys Thomas H. Owen, Leon S. Hirsh, and Edward Howell in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Owen and approved by Mr. Hirsh and Mr. Howell, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.