ABRAHAM et al. v. McSOUD et al.

No. 29730.   Jan. 28, 1941.

*109 P. 2d 822.*

Cheatham & Smith, of Bristow, and Walker & Lewis, of Sapulpa, for plaintiffs in error.

Johnson & Jones, of Bristow, and Pardoe & Pardoe, of Stroud, for defendants in error.

PER CURIAM. The plaintiffs in error, hereinafter referred to as plaintiffs, commenced this action against the defendants in error, hereinafter referred to as defendants, by filing a petition containing three causes of action. Motion to require the plaintiffs to make an election of remedies was sustained. The plaintiffs thereupon filed an amended petition wherein they sought to recover upon a parol contract to hold and reconvey certain real property. Separate demurrers of defendants were sustained to the amended petition. Plaintiffs elected to stand thereon, and thereupon the action was dismissed, and plaintiffs have perfected this appeal.

Plaintiffs urge here that it was error to require them to make an election of remedies, and that the demurrers to their amended petition were erroneously sustained.

In the original petition under the first cause of action it was alleged, in substance, that the defendants had obtained a sheriff's deed to the premises involved herein as the result of a void foreclosure proceeding, and that therefore they had never acquired any right, title, interest, equity, or estate in and to the premises, and that the plaintiffs were the legal and equitable owners thereof and were entitled to the possession, and sought to have the title quieted as against any claims of the defendants. Under the second cause of action it was alleged, in substance, that the plaintiffs and defendants had entered into a verbal agreement whereunder the defendants had been permitted to complete a foreclosure action and to acquire title to the premises in controversy with the understanding and agreement that they would hold and re-

tain the same until they had collected sufficient rents to fully discharge the indebtedness involved in said foreclosure proceedings, and that they would reconvey said premises to the plaintiffs. Plaintiffs further alleged that they were now ready to redeem said property and tendered to the defendants such sums as might be found due upon an accounting, and sought to have the defendants held to be trustees only of the property and to require them to reconvey under the trust agreement. Manifestly the remedies thus sought to be invoked were not only inconsistent but were also repugnant, for the reason that the proof of one would necessarily disprove the other. This court is committed to the doctrine that where such a situation prevails, it is the duty of the trial court to require an election of remedies. See Oklahoma Wheat Pool Terminal Corporation v. Rodgers, 180 Okla. 623, 70 P. 2d 1080; Gypsy Oil Co. v. Colbert, 179 Okla. 321, 65 P. 2d 505. There was no error in requiring the plaintiffs to elect their remedy in the case at bar.

Pursuant to the order which required the plaintiffs to elect which remedy they would pursue, plaintiffs filed an amended petition, wherein they made substantially the same allegations as they theretofore had made under the second cause of action in the original petition. The trial court sustained a general demurrer to this petition. It is urged here that the petition was sufficient to sustain a recovery in favor of plaintiffs on the theory of resulting or constructive trust, and that there was sufficient allegation of performance to take the contract out of the statute of frauds. If the petition was good against a demurrer under the statute of frauds, it was also good under the provisions of the statute of uses and trusts. Logan v. Brown, 20 Okla. 334, 95 P. 2d 441. It therefore becomes necessary to look at the petition to see whether the facts alleged were sufficient to take the contract out of the statute of frauds. The pertinent allegations made in the amended petition read as follows:

". . . It was agreed by and between the said Charley McSoud and M. J. McSoud, and the said Ed Abraham, that if the said Ed Abraham would withdraw from said suits and from contesting said suits, that the said Charley McSoud and M. J. McSoud, after taking judgment foreclosing said mortgage and obtaining title to the land above described, would hold the title thereto in trust for the use and benefit of said Ed Abraham, and that they, the said Charley McSoud and M. J. McSoud, would collect the rents and profits therefrom and would apply the same upon the mortgage debt, and that when the said mortgage debt was fully paid that they would convey the legal title to said lands above described to the said Ed Abraham. . . .

". . . These plaintiffs now allege that they are ready, able and willing to redeem said property from any indebtedness found by this court to be due to the said defendants and hereby tender and offer to pay into court for the use and benefit of the defendants any amount found due under the terms and provisions of said contract, and after an accounting for the rents and profits."

It will be noted from the quotation above that the facts pleaded show that the contract was a parol contract to convey lands, and was therefore invalid under the statute of frauds (section 9455, O. S. 1931, 15 Okla. St. Ann. § 136); and was also an oral contract to create an express trust in relation to real property, and therefore invalid under the statute of uses and trusts (section 11808, O. S. 1931, 60 Okla. St. Ann. § 136). See Oliphant v. Rogers, 186 Okla. 70, 95 P. 2d 887; Reed v. Peck & Hills Furniture Co., 93 Okla. 212, 220 P. 900.

Measured by the rule announced in the foregoing cases, it is apparent that the allegations contained in plaintiffs' amended petition constituted nothing more or less than an oral agreement to hold said real premises in trust and to reconvey the same upon condition. Had this contract been in writing, it would have established an express trust. Such trust when created by parol is invalid

411

and unenforceable. Hazlett v. Kearse, 171 Okla. 82, 42 P. 2d 124. From what has been said, it follows that the demurrers were properly sustained.

Judgment affirmed.

WELCH, C. J., CORN, V. C. J., and RILEY, BAYLESS, and HURST, JJ., concur.