CARDIFF v. SPRADLING.

No. 30946. May 18, 1943.

Rehearing Denied June 22, 1943.

Application for Leave to File Second Petition for Rehearing Denied Sept. 14, 1943.

*140 P. 2d 920.*

Woodson E. Norvell, of Tulsa, and George E. Norvell, of Seminole, for plaintiff in error.

Martin & Spradling, of Tulsa, for defendant in error.

PER CURIAM. On June 6, 1941, plaintiff, M. C. Spradling, commenced an action against Ethel M. Cardiff, defendant, to quiet title and in ejectment. The parties will be referred to as they appeared in the trial court.

The substance of the petition is that certain real property therein described constituting a group of city lots had been regularly sold for delinquent taxes, and that Tulsa county became the purchaser at resale thereof, taking the title in the name of the board of county commissioners; that thereafter such property was again offered for sale, and that plaintiff became the purchaser thereof and in due course received a deed from the county commissioners. A copy of the deed, along with other matters relating to the issuance thereof, are made exhibits as a part of the petition. It is averred that plaintiff is the owner of the lots described by virtue of such proceedings and conveyances, but that defendant claims some right therein adverse to the plaintiff which constitutes a cloud upon the plaintiff's title.

The second cause of action is in ejectment. Plaintiff prays for quieting of title and possession of the premises.

The answer first denies, generally, the allegations of the petition and alleges that there was fraud in the sale of said lots. By way of cross-petition defendant pleads, first, the fraud in the sale, and then alleges that she had an oral agreement with the plaintiff that if the defendant would not protest the issuance of a deed to him she would convey by quitclaim deed lot 7 in the group of lots purchased, and that thereupon plaintiff would reconvey the remaining lots to her; that the defendant offered to convey by quitclaim deed lot 7 to the plaintiff but that the plaintiff refused to comply with this agreement.

The court sustained a demurrer to the answer and cross-petition and entered a judgment for the plaintiff, from which the defendant appeals.

There are three allegations of error which are presented in two general propositions in the brief. It is first argued that the court erred in holding that it was the duty of the defendant to pay or tender the taxes due at the time of asserting her defense. We will assume that this was the ground for the holding of the court in the journal entry of judgment entered on the sustaining of the demurrer. In so holding the court followed the rule as promulgated by this court in Deneen v. Gillespie, 180 Okla. 342, 70 P. 2d 1078; Schulte v. Herndon, 184 Okla. 77, 84 P. 2d 607; and Thompson v. Yates, 184 Okla. 86, 85 P. 2d 415; Parks v. Lyons, 183 Okla. 529, 83 P. 2d 573. In Deneen v. Gillespie, supra, it is stated:

"Tender of taxes, penalties, and interest as required by section 12761, O. S. 1931, is an essential prerequisite to the presentation of a defense to an action for possession of real estate predicated upon a tax deed, whether such deed be void, voidable, or valid."

It is not claimed or asserted that the lots involved were not subject to taxes or that there were not delinquent taxes due. In fact, it is admitted that the taxes were due and delinquent, and the answer denies that the lots were properly sold and alleges fraud in the sale for taxes. As held in the above cases, it was the duty of the defendant in offering to present her defenses to pay, or tender, the amount of taxes assessed against the lots.

It is next urged that the court erred in holding that there was no obligation created by the alleged agreement to reconvey the remaining lots to the defendant if the defendant would execute a quitclaim deed to lot 7. Defendant relies upon Johnson v. Rowe, 185 Okla. 60, 89 P. 2d 955; St. Louis Trading Co. v. Barr, 168 Okla. 184, 32 P. 2d 293; Tolon v. Johnson, 104 Okla. 201, 230 P. 865. These cases support the rule that a resulting trust can be proved by parol evidence. In our opinion, they are not in point. It is quite generally held that such an alleged agreement as that in the case at bar, being oral, is within the statute of fraud, 15 O. S. 1941 § 136, subd. 5, and not binding. Abraham

662 ·

v. McSoud, 188 Okla. 409, 109 P. 2d 822; Reed v. Peck & Hill Furniture Co., 93 Okla. 212, 220 P. 900; Merchants' Southwest Transfer & Storage Co. v. Hartford Accident & Indemnity Co., 146 Okla. 241, 292 P. 60.

The alleged agreement to reconvey the remaining lots after the defendant had conveyed lot 7 was without force and effect under 15 O. S. 1941 § 136, subd. 5. The demurrer was properly sustained.

The judgment of the trial court is affirmed.

CORN, C. J., and RILEY, OSBORN, BAYLESS, WELCH, and HURST, JJ., concur. GIBSON, V. C. J., concurs in conclusion. DAVISON and ARNOLD, JJ., absent.