WILSON v. PLUMMER et al.

No. 34396.   Feb. 20, 1951.

*228 P. 2d 176.*

J. B. Harvey, Clinton, for plaintiff in error.

Donald Royse, Elk City, and Wise & Ivester, Sayre, for defendants in error.

JOHNSON, J. The plaintiff in error was plaintiff in the trial court, and the defendants in error were defendants. They will be designated herein as they there appeared.

This action was instituted by the plaintiff filing a petition, an amended petition and a second amended petition, and since the second amended petition does not adopt or incorporate by reference the former pleadings, only the second amended petition will be considered. Burford et al. v. Kephart et al., 200 Okla. 344, 194 P. 2d 167. The pertinent parts of the second amended petition, except the caption and jurat read:

" . . . That plaintiff is now the owner and holder of the legal title in fee to the above described real property.

" . . .

"The said South half of the Southeast Quarter and the East half of the Southeast quarter of the Southwest Quarter of Section 13, Township 11 North, Range 23 W. I. M., was at the time title vested in this plaintiff, Robert G. Wilson, and has at all times since then, and now is, vacant and unoccupied land.

"The ownership of this plaintiff, Robert G. Wilson, has been continuous from the inception of title by him as aforesaid, to and including the present time.

" . . .

"That on or about the 25th day of July, 1945, the defendant, Charles Plummer, Jr., told this plaintiff . . . if this plaintiff would permit the insertion in the contract of sale or contract for deed, and in the deed of conveyance from the plaintiff, a consideration of the same amount that would be stated in the deeds from the other devisees, conveying their respective lands, and would allow the mineral, oil and gas reservation clause to be left out of the deed from the plaintiff, he would claim no title under the future contract, nor under the plaintiff's deed to be so written, but would take the deed in trust, until such time as he should pay to the plaintiff, in addition to whatever consideration was stated in the deed, the further sum of $100.00; . . . Defendant told this plaintiff that there must, however, be a surrender to him of the plaintiff's deed under such contract for deed as should later be made, to make it possible for him to procure the other deeds, which other deeds would be delivered to him absolutely, as distinguished from the surrender to ·him of plaintiff's deed conditioned for its becoming an absolute delivery, upon the payment of the sum of $100.00 to the plaintiff, in addition to any sum that might be named in the deed of conveyance. That defendant would take said deed in trust, and that the defendant would know, and would and did agree with the plaintiff that deed would not pass title to him until he should pay to the plaintiff $100.00 in addition to any sum stated as consideration in the deed itself . . . The plaintiff thereupon agreed to the terms, so proposed to him, and thereafter, and on August 17, 1945, did sign a contract for deed with the defendant and the other heirs and devisees, and later signed a deed exactly as to form and consideration, as had been specified and proposed by the defendant, as hereinabove already set forth; doing so in reliance upon the agreement and promise of the defendant that the surrender of the deed would not pass title to the defendant until the additional $100.00 was paid.

" . . .

"The grantor in said deed, plaintiff herein, intended the said contract and the said deed from plaintiff to defendant to be· valid instruments, capable of conveying a title to grantee therein, when the condition precedent to its delivery should be met, viz.: when payment of $100.00 in addition to the amount stated in the said deed as consideration thereof, should be made; and the grantor intended that upon approval of the said deed by the grantee and payment by grantee of $100.00 more than he did pay, that surrender of the deed to defendant in trust should become a valid delivery, and not a mere surrender of possession of said instrument.

"Plaintiff alleges that the defendant acquired no title by reason of the surrender of the deed to him, and that grantor never had the intention of making unconditional delivery, until he had received payment of the $100.00 in addition to the consideration stated in the deed.

" . . . But the defendant, on January 21, 1946, did place said deed of record in Roger Mills County, Oklahoma, said deed being recorded in Book 56 of Deed Records, page 165; that he did this act without authority from the plaintiff, and that it was a condition precedent to his right so to do, that he pay this plaintiff the sum of $100.00 in addition to the consideration mentioned in the deed. That he has not paid said sum, and has refused to do so.

"Plaintiff alleges, premises considered, that no delivery to the defendant with intention to pass a title in praesenti has ever been made, and no title to said lands ever passed to or vested in the defendant, by virtue of the surrender to him of said deed, but title has remained vested in said plaintiff, and now is vested in fee in this plaintiff.

"Plaintiff alleges that said undelivered deed having been placed of record is now a cloud on the title of this plaintiff, and should be cancelled of record, and that this Court should find and decree said deed a nullity, and, if there exist any equities properly cognizable by the Court in this action, that said equities be settled and adjusted by the Court.

"Wherefore, premises considered, plaintiff prays judgment for the cancellation of the deed of conveyance hereinbefore described, of record in Book 56 of Deeds, page 165 in the office of the County Clerk of Roger Mills County, Oklahoma, and that said deed be declared null and void and of no effect, and stricken from the records; and that plaintiff be adjudged to be the absolute owner in fee simple of the South half of the Southeast Quarter and the East half of the Southeast Quarter of the Southwest Quarter of Section Thirteen (13), Township 11 North, Range 23 West of the Indian Meridian, in Roger Mills County, State of Oklahoma, and for all other proper relief, and for costs of this action.''

The defendants demurred to this petition on the following grounds:

"(1) That said Petition fails to state a cause of action in favor of the plaintiff and against these defendants or either of them.

"(2) That the alleged cause of action as set forth in the Second Amended Petition shows on its face that it is barred by the statute of limitations in that this action is not brought within two years from the time of the accrual of the alleged cause of action or within three years from the time of the accrual of the alleged cause of action."

This demurrer was sustained, and the plaintiff elected to stand on his petition, whereupon the cause was dismissed resulting in this appeal.

The plaintiff for reversal assigns:

"(1) That the court erred in sustaining the demurrer of the defendants in error to the second amended petition of plaintiff in error."

"(2) The court erred in dismissing the action of the plaintiff in error."

and argues the first assignment of error under three separate propositions, to wit:

"1.

"The Court erred in sustaining the demurrer of the defendants to the Second Amended Petition of the plaintiff, on the ground that plaintiff's Petition does not state a cause of action.

"2.

"Plaintiff's action is not barred by the two year statute of limitation.

"3.

"Plaintiff's action is not barred by the three year statute of limitation."

These assignments of error and propositions are all comprehended in the answer to the question as to whether or not the trial court properly sustained the demurrer.

A general demurrer may be sustained only where the pleading is so defective that, taking all facts as admitted, no

cause of action is stated entitling plaintiff to any relief. 12 O. S. 1941 §§264-268; Moseley v. Smith, 173 Okla. 503, 49 P. 2d 775.

This is an action for cancellation of a deed of conveyance covering the property hereinbefore described, wherein plaintiff was grantor and defendant, Charles Plummer, Jr., was grantee.

It was alleged, among other things, that the additional consideration of $100, according to the oral agreement, became due on January 19, 1946, the date the First National Bank of Elk City, in accordance with terms of the deed and written contract of sale, delivered the deed to the grantee. The petition shows that the deed was filed of record by the grantee on January 21, 1946, and the cause of action was filed by the grantor on March 3, 1949, a period of more than three years from the date said sum was alleged to be due. But it is not necessary to consider the statutes of limitations, because under these alleged facts it is admitted by plaintiff that he could not recover the $100 under the oral agreement with defendant, and he asserts that he does not seek so to do, thus eliminating the application of the three-year statute, and the two-year statute has no application. Plaintiff seeks only to show that by reason of the oral agreement of defendant to pay him an additional consideration of $100, as alleged, that the title to the realty involved did not pass to defendant, grantee, upon delivery of the deed to him because no delivery was intended if he failed to pay said sum. The deed did not refer to any other consideration than that provided for in the conveyance, and the contract for sale did not refer to any additional consideration other than that provided for in the deed, or conveyance. Both instruments were attached to and made a part of the second amended petition. All sums specified in the instruments are shown by the pleading to have been paid and the deed delivered to the grantee. Nothing remained but the alleged secret separate oral agreement with the grantee which admittedly preceded the execution of the alleged deed and written contract of sale; and which allegedly provided that the grantor was to receive an additional $100 consideration over and above the sum stated in the deed and contract, and that until such payment was made, no delivery of the deed was intended and the property was to be, and was, held in trust by the grantee for the grantor. Obviously, such oral agreement was violative of the parol evidence rule, 15 O. S. A. §§136, 137.

The rule of this court is that where an oral agreement is essential to a cause of action, a petition alleging such oral agreement, which is violative of the parol evidence rule, fails to state a cause of action, and is demurrable. 15 O. S. A. §137, supra; Investors Royalty Co., Inc. v. Lewis et al., 185 Okla. 302, 91 P. 2d 764.

The second amended petition comes clearly within this rule, and therefore the order of the trial court sustaining the demurrer was proper.

Affirmed.