Dale Edgar BELL and Donald Lee Bell, minors, by their Guardian ad litem, George Bingaman, and Felix Quinlan, W. H. Rainbolt, John T. Kemp, John M. Milner, Letha R. Bell and Gordon E. Bell, Plaintiffs in Error,

v.

James H. LITTLE and H. G. Little, Defendants in Error.

No. 38384.

Supreme Court of Oklahoma.

Nov. 10, 1959.

George Bingaman, Purcell, Guardian ad litem for Dale Edgar Bell and Donald Lee Bell, and Attorney for Felix Quinlan, John T. Kemp, John M. Milner, Letha R. Bell and Gordon E. Bell, plaintiffs in error.

Purman Wilson, Purcell, for plaintiff in error, W. H. Rainbolt.

Luttrell & Luttrell, Norman, for defendants in error.

WELCH, Justice.

Upon trial the court in the findings of facts and conclusions of law found that on March 12, 1929, Lydia West was the owner of the fee simple title to the land here involved and had entered into possession; that thereafter by mineral deeds dated March 13, 1929, April 18, 1929, and August 17, 1929, she sold all of her mineral interests; that on April 18, 1938, the said land was advertised and sold at resale to McClain County for delinquent taxes; that on the 24th day of October, 1938, a commissioner's deed was executed by the board of county commissioners in favor of B. F. Simmons; that B. F. Simmons took possession under said deed and continued in possession until he conveyed the property to H. G. Little, one of the plaintiffs herein, on January 15, 1940; that plaintiffs conveyed the surface to others not involved in this action, but retained all minerals of said land as tenants in common, and have been in the exclusive, adverse and peaceable possession thereof at all times since deed from B. F. Simmons.

The legal conclusions by the court were that the advertisement and tax resale for a sum that may have been slightly in excess of taxes, penalties and costs then due would not invalidate an otherwise regular sale, where such excess is inconsequential and caused solely by clerical error in computation, and does not reflect the inclusion of undue taxes, penalties or costs; that said deed to county commissioners was valid; that subsequent sale to B. F. Simmons and his assumption of possession thereunder, divested defendants and their purchasers in title of any right, title or interest to said land.

Defendants state in their brief that the sole issue in the case is whether the purchaser from the tax deed holder may repudiate an agreement made between the tax deed holder and former record title owner for the protection and benefit of the holder of mineral interest acquired from original title owner prior to tax sale.

It is contended by the defendants that the grantee of the tax deed holder cannot repudiate such agreement but is bound by it.

Defendants cite Title 15 O.S.1951, § 29, which provides:

"A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it."

No authorities are cited by the defendants construing this statute to mean that the contract may be enforced against one who is not a party to the contract, and we have been unable to find any such construction through our independent research. Assuming, without agreeing that Simmons made the agreement or contract for the benefit of the said defendants, when the deed was executed and delivered it constituted the complete contract between Simmons and the Wests, and merged all oral negotiations up to the time of delivery. Cridland v. Franklin, 191 Okl. 650, 132 P.2d 323.

In the case of Wilson v. Plummer, 204 Okl. 157, 228 P.2d 176, 179, we had a somewhat similar situation to the one here presented, therein the court said:

"* * * Plaintiff seeks only to show that by reason of the oral agreement of defendant to pay him an additional consideration of $100 as alleged that the title to the realty involved did not pass to the defendant, grantee, upon delivery of the deed to him because no delivery was intended if he failed to pay said sum. The deed did not refer to any other consideration than that provided for in the conveyance, and the contract for sale did not refer to any additional consideration other than that provided for in the deed, or conveyance. * * * All sums specified in the instruments are shown by the pleadings to have been paid and the deed delivered to the grantee. Nothing remained but the alleged secret separate oral agreement with the grantee which admittedly preceded the execution of the alleged deed and written contract of sale; * * * obviously, such oral agreement was vio-

lative of the parol evidence rule, 15 O.S.A. §§ 136 and 137."

In the case of Cardiff v. Spradling, 192 Okl. 660, 140 P.2d 920, a group of city lots had been regularly sold for delinquent taxes and the county became the purchaser at resale. Thereafter such property was sold at county commissioner's sale, and plaintiff received a deed from the county commissioners. Plaintiff's action was to quiet title. By way of cross-petition the defendant in the action alleged fraud in the sale, and further alleged that she had an oral agreement with the plaintiff that if the defendant would not protest the issuance of a deed to him, she would convey by quit claim deed Lot 7 in a group of lots purchased, and that thereupon plaintiff would re-convey the remaining lots to her, and that she had offered to convey by quit claim deed to plaintiff, but plaintiff had refused to comply with his oral agreement. The trial court sustained a demurrer to the answer and cross-petition and entered a judgment for the plaintiff. This court affirmed. We held:

"An express trust resting in parol, to hold and to convey real property, is unenforceable as being in violation of the statute of frauds and the statute of uses and trusts, and a demurrer is properly sustained to a petition which seeks to enforce such parol trust."

Here, it is contended that Simmons, who had acquired a tax deed to certain property, entered into an agreement with the Wests, who were title holders of said real estate, to protect the mineral interest of the defendants who had acquired said mineral interests from the Wests, and that said agreement was a part of the consideration for a warranty deed from the Wests to Simmons as to the surface only. The deed does not include or refer to said agreement as a part of the consideration. Simmons later quit claimed his interest to plaintiffs, who obtained judgment in the trial court holding the tax deed to Simmons valid, and quieting title in plaintiffs to the property, including the mineral interests.

The defendants have not furnished authorities which support their argument, and in view of the authorities above referred to, we are of the opinion that since the parties to the contract were not bound by an oral agreement concerning additional consideration as held in the case herein cited, it would be wholly unsound to consider binding a stranger to the oral agreement, who after said agreement, acquired title from one of the parties to the oral agreement.

Therefore the judgment of the trial court is affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and HALLEY, JOHNSON, JACKSON and IRWIN, JJ., concur.

BLACKBIRD, J., concurs in result.

BERRY, J., dissents.